982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff-Appellee,
v.
Mark PAYNE and Kim Payne, husband and wife, Defendants-Appellants.
 Nos. 91-6306, 92-6072.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Defendants Mark and Kim Payne appeal from an order of the district court granting plaintiff State Farm Fire & Casualty Co.'s motion for summary judgment (No. 91-6306), and from an order denying their motion for relief from judgment (No. 92-6072). Because we conclude there is a genuine issue of material fact, we vacate the district court's grant of summary judgment and remand for further proceedings.
 
 
 3
 State Farm brought a declaratory judgment action against the Paynes seeking a determination that it was not liable for fire loss under a homeowner's policy it had issued to the Paynes. State Farm alleged that the Paynes breached the insurance contract by failing to cooperate in the investigation of the fire because they did not produce their public adjuster, Bill Gibson, for an examination under oath. The Paynes denied that they had the power to produce Gibson for an examination. State Farm filed a motion for summary judgment asserting the Paynes had a duty to produce Gibson and their failure to do so resulted in forfeiture of the right to any payment under the policy.
 
 
 4
 The district court granted summary judgment. Because the Paynes did not request that Gibson submit to an examination, the court found that the Paynes breached the insurance contract, forfeiting any right to payment under the policy. The Paynes appealed (No. 91-6306).[1]
 
 
 5
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). After reviewing the record in the light most favorable to the party opposing summary judgment, Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991), we will uphold a grant of summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991).
 
 
 6
 The movant has the burden of showing beyond a reasonable doubt that it is entitled to summary judgment. Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir.1991). If this burden is met, the burden shifts to the opposing party to show a genuine, material issue for trial. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 7
 The Paynes argue the district court erred in ordering summary judgment against them because there is a genuine issue of fact whether they had the power to produce Gibson for an examination within the meaning of the insurance policy. The insurance policy required the Paynes to produce for examination, upon State Farm's request, those they had the power to produce. The relevant portion of the policy provides:
 
 
 8
 2. Your Duties After Loss. After a loss to which this insurance may apply, you shall see that the following duties are performed:
 
 
 9
 * 529_
 
 
 10
 ............................................................
 
 
 11
 ....................
 
 
 12
 * * *
 
 
 13
 d. as often as we reasonably require:
 
 
 14
 * * *
 
 
 15
 4. produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so
 
 
 16
 * * *
 
 
 17
 Appellant's App. doc. 1 at 11. Based on this policy language, the district court held the Paynes had a duty to request that Gibson appear for an examination under oath. Nothing in the policy, however, requires that the Paynes request Gibson to appear if they have no power over him. At best, it can be argued that the policy language ambiguously requires such a request.
 
 
 18
 When policy language is ambiguous, it should be interpreted against the party causing the uncertainty. Premier Resources, Ltd. v. Northern Natural Gas Co., 616 F.2d 1171, 1178 (10th Cir.), cert. denied, 449 U.S. 827 (1980). In this case, State Farm drafted the policy language. It did not draft the policy to require insureds to "request" others to appear for examinations. Any ambiguity must be interpreted against State Farm. We therefore hold that the policy does not include a requirement that the Paynes request Gibson to appear for an examination.
 
 
 19
 Under the policy language, the only relevant question is whether the Paynes had the actual power to produce Gibson for an oral examination. State Farm argued in its motion for summary judgment that the Paynes did in fact have the power to produce Gibson for an oral examination. The Paynes countered that they did not have the power to produce Gibson and, at the least, that they presented a genuine issue of material fact concerning their power to produce Gibson for an examination. We agree.
 
 
 20
 In his affidavit, Gibson stated that he was not an employee of the Paynes, but was instead employed by Gibson Public Adjusting, Inc. Appellants' App. doc. 7, ex. B. He also stated that the Paynes had no control over the details and ultimate result of his work. Moreover, the Paynes stated in their interrogatories that they "requested [Gibson] to do what was normal and usual under the circumstances." Appellee's Supp.App. doc. BB at 5. In a letter from the Paynes' counsel to State Farm's counsel, the Paynes asserted that Gibson was not an employee of the Paynes and they did not have the power to produce him. Appellant's App. doc. 8, ex. A. The policy does not specifically define power, and we conclude the Paynes set forth specific facts showing a genuine issue of fact on this issue. See Shebester v. Triple Crown Insurers, 974 F.2d 135, 139 (10th Cir.1992).
 
 
 21
 Irrespective of the Paynes' power to produce Gibson, Oklahoma courts do not look favorably on forfeitures under insurance policies. George v. Connecticut Fire Ins. Co., 201 P. 510, 512 (Okla.1921); see also Agricultural Ins. Co. v. Iglehart, 386 P.2d 145, 147-48 (Okla.1963) (insured given reasonable amount of time to sign transcript of examination under oath after failure to sign despite repeated demands by insurer; failure to sign did not amount to forfeiture because signing was not condition precedent to insured's bringing action under policy). If the Paynes have the power to produce Gibson, their failure to do so would not result in a forfeiture under Oklahoma law. Rather, they must be given an opportunity to cure by producing Gibson.
 
 
 22
 The Paynes have raised several other issues on appeal. In light of our determination that they have raised a genuine issue of material fact concerning their power to produce Gibson, we need not address these issues. The judgment of the United States District Court for the Western District of Oklahoma is VACATED, and the action is REMANDED for further proceedings.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Subsequently, the Paynes filed a motion for relief from judgment. The district court denied the motion, and the Paynes filed a second notice of appeal (No. 92-6072). This court consolidated the appeals