166 F.3d 982
 99 Cal. Daily Op. Serv. 793, 1999 Daily
Journal D.A.R. 947
Joseph REINKEMEYER, Dr.; Patricia Reinkemeyer, Plaintiffs-Appellants,
v.
SAFECO INSURANCE COMPANY OF AMERICA; Does I through X; ABC
Corporations I through X, Defendants-Appellees.
 No. 96-17096.
 United States Court of Appeals,
Ninth Circuit.
 Submission deferred March 23, 1998.
Submitted Nov. 12, 1998**
Decided Jan. 28, 1999.
 
 Vernon E. Leverty, Leverty & Associates, Reno, Nevada, for the plaintiffs-appellants.
 William G. Cobb, Erickson, Thorpe & Swainston, Reno, Nevada, for defendant-appellee Safeco.
 Appeal from the United States District Court for the District of Nevada; Howard D. McKibben, District Judge, Presiding. D.C. No. CV 94-00888-HDM(PHA).
 Before: GOODWIN, FLETCHER and D.W. NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The principal question on this appeal is whether a homeowner insurance policy was covered by the provisions of Nevada Revised Statutes ("NRS") §§ 687B.310-420. We certified the statutory construction question to the Supreme Court of Nevada as one peculiarly within the expertise of that court. Based upon the decision of the Nevada Court, we reverse and remand this diversity case to the district court.
 
 I. Factual and Legal Background
 
 2
 The facts in the case are not in dispute. The Reinkemeyers were insured by SAFECO Insurance Company under a homeowner's insurance policy. Between 1989 and 1993, the Reinkemeyers submitted three claims under the policy totaling approximately $212,400. In 1994, SAFECO notified the Reinkemeyers that it was declining to renew the policy.
 
 
 3
 The Reinkemeyers sued SAFECO claiming that the non-renewal violated various provisions of NRS §§ 687B.310-420 that govern the cancellation and renewal of certain insurance policies. For example, they asserted that the version of § 385 in effect at the time denied insurers any right to "cancel, refuse to renew or increase the premium for renewal of a policy of casualty or property insurance as a result of any claims made under the policy with respect to which the insured was not at fault."[1] SAFECO agrees that the losses were not the fault of the Reinkemeyers.
 
 
 4
 Section 310 limits the applicability of §§ 310-420 to insurance contracts "the general terms of which are required to be approved or are subject to disapproval by the commissioner" of insurance. Relying on this language, SAFECO argues that an insurance policy is subject to §§ 310-420 only if the legislature specifically grants the Commissioner the authority to approve or disapprove the policy. While the legislature has made certain insurance policies explicitly subject to approval by the Commissioner of Insurance,[2] no provision of Nevada law specifically grants the Commissioner authority over homeowner's policies.
 
 
 5
 The Reinkemeyers and amicus curiae (the State of Nevada Division of Insurance and Commissioner of Insurance) argue that homeowner's insurance policies, along with almost every other insurance policy used in the state, are subject to regulation under the Commissioner's general regulatory powers. Thus, the Reinkemeyers and the State of Nevada claim that almost all insurance policies used in Nevada are subject to §§ 310-420.
 
 
 6
 Adopting the magistrate's report and recommendation, the district court agreed with SAFECO, holding that because no provision of Nevada law affirmatively requires homeowner's insurance contracts to be approved by the Commissioner homeowner's insurance policies do not meet the requirements of § 310. The district court granted summary judgment to SAFECO on this basis.
 
 
 7
 II. Certification to the Nevada Supreme Court
 
 
 8
 Pursuant to Nevada Rule of Appellate Procedure 5, we certified the following question to the Nevada Supreme Court:
 
 
 9
 Is a homeowner's insurance policy, like the one at issue in this case, a contract of insurance the general terms of which are required to be approved or are subject to disapproval by the Commissioner of Insurance, as provided by NRS 687B.310?
 
 
 10
 In an unpublished "Order Answering Certified Question", the Supreme Court of Nevada has answered this question in the affirmative.[3] The Nevada Supreme Court holds that since homeowner's policies are forms of casualty or property insurance, they are made subject to chapter 687B by § 690B.010 and § 691A.010.[4] Furthermore, the court states that homeowner's policies are subject to disapproval by the Commissioner of Insurance under § 679B.225 which provides that "[t]he commissioner, at any time, may inspect any insurance policy covering any risk in this state." Finally, the court holds that except for insurance policies that include "home protection insurance" as defined in § 690B.100, no other statute or rule of the Commissioner exempts homeowner's policies from §§ 687B.310-420. The Nevada Supreme Court thus concludes that homeowner's insurance policies are generally subject to the terms of §§ 310-420.
 
 
 11
 In its supplemental brief addressing the Nevada Supreme Court's answer, SAFECO asks this court to disregard the answer. We are bound by the answers of state supreme courts to certified questions just as we are bound by state supreme court interpretations of state law in other contexts. See Grover v. Eli Lilly and Co., 33 F.3d 716, 719 (6th Cir.1994) ("Permission to certify questions of state law has been graciously extended by the highest courts of [ ] the states.... A federal court that certifies a question of state law should not be free to treat the answer as merely advisory unless the state court specifically contemplates that result."). See also Sifers v. General Marine Catering Co., 892 F.2d 386, 391-92 (5th Cir.1990) (state court's answer becomes "the law of this circuit. For that reason it is binding as well upon those parties in this appeal who were not parties to the certified case."); Redgrave v. Boston Symphony Orchestra, 855 F.2d 888, 903 (1st Cir.1988) (even dicta in state court answer should be carefully considered by certifying court); Wright, Miller & Cooper, Fed. Prac. & Pro.: Jurisdiction 2d § 4248 at n. 67 (1988 & 1998 Supp.) (state court answer is binding upon certifying court).
 
 
 12
 SAFECO has not cited and we have not found any decision where a federal court has disregarded, on any grounds, a state court's answer to a certified question. Nor does SAFECO advance one of the few established grounds for disregarding state court interpretations of state law in other contexts such as where state court decisions violate federal law or are an "obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11, 95 S.Ct. 1881, 1886 n. 11, 44 L.Ed.2d 508 (1975) (collecting cases).
 
 
 13
 Instead SAFECO first attacks the Nevada Supreme Court's answer on the grounds that the court decided the question without the benefit of the record before this court or the district court. SAFECO cites Shebester v. Triple Crown Insurers, 974 F.2d 135 (10th Cir.1992), where the court held that a passing comment by the Oklahoma Supreme Court in an answer to a certified question was not binding on the federal courts since "this question was not certified ... and it is unclear whether the Oklahoma court had an adequate record to make this determination." Id. at 139 n. 3. Shebester, however, is clearly inapposite. The passing comment in Shebester was not responsive to the certified question; here, SAFECO asks us to disregard the state court's three-page direct response to our certified question. Moreover, even if an inadequate record can be a basis upon which to disregard an answer, the Nevada court answered an abstract question of Nevada law whose answer was independent of the specific factual situation, unlike the question at issue in Shebester. There is no reason to believe that the record in this case would affect the Nevada Supreme Court's answer.
 
 
 14
 SAFECO also argues that the Nevada answer should be disregarded because SAFECO was not afforded an opportunity to present briefing or arguments to the Nevada Supreme Court in violation of its due process right to be heard. The Nevada court did reach its decision without the benefit of briefing or argument by any of the parties. We do not, however, reach the novel question of whether a litigant's due process rights can be violated under such circumstances because, on the record before us, it appears SAFECO had an adequate opportunity to present all of its arguments to the Nevada Supreme Court in its Petition for Rehearing. We do not preclude SAFECO from presenting its due process argument to the district court or the courts of Nevada if it can establish a more substantial factual basis for its claim. We accept as the law of Nevada the considered judgment of Nevada's highest court.
 
 
 15
 Finally, SAFECO argues that, regardless of the answer of the Nevada Supreme Court, § 385 does not apply to homeowner's policies because the legislative history of the 1997 amendment shows that § 385, contrary to its plain language, was meant to apply only to motor vehicle insurance. The proper interpretation of § 385 was not certified to the Nevada Supreme Court. We decline to address the issue because it was not reached by the district court and was not fully briefed by the parties. SAFECO may, of course, present this argument to the district court on remand.
 
 
 16
 We vacate the judgment and remand to the district court to reconsider the claims made by the Reinkemeyers in light of the decision of the Nevada Supreme Court.
 
 
 17
 VACATED and REMANDED.
 
 ATTACHMENT
 APPENDIX--Order Answering Certified Questions
 IN THE SUPREME COURT OF THE STATE OF NEVADA
 
 18
 JOSEPH REINKEMYER, DR.; PATRICIA REINKEMYER, Appellants,
 
 
 19
 vs.
 
 
 20
 SAFECO INSURANCE COMPANY OF AMERICA, Respondent.
 
 
 21
 No. 32043.
 
 
 22
 May 28, 1998.
 
 ORDER ANSWERING CERTIFIED QUESTION
 
 23
 This matter is before this court pursuant to the certification procedure set forth in NRAP 5. The Honorable Alfred T. Goodwin of the U.S. Court of Appeals for the Ninth Circuit certified the following question to this court: "Is a homeowners insurance policy, like the one at issue in this case, a contract of insurance the general terms of which are required to be approved or are subject to disapproval by the Commissioner of Insurance, as provided by NRS 687B.310?"
 
 
 24
 Although we have not been informed of the nature of the underlying controversy, it appears that this question likely arose in the context of deciding whether the homeowner's insurance policy at issue in this case is subject to the statutes pertaining to cancellations and nonrenewals of insurance policies set forth in NRS 687B.310 to 687B.420. NRS 687B.310 states in pertinent part
 
 
 25
 1. NRS 687B.310 to 687B.420, inclusive, apply to all binders and all contracts of insurance the general terms of which are required to be approved or are subject to disapproval by the commissioner, except as otherwise provided by statute or by rule pursuant to subsection 3.
 
 
 26
 ....
 
 
 27
 3. The commissioner may by rule exempt from NRS 687B.310 to 687B.420, inclusive, classes of insurance contracts where the policyholders do not need protection against arbitrary termination.
 
 
 28
 Thus, the provisions of NRS 687B.310 to 687B.420 apply to homeowner's insurance policies if such policies (1) are required to be approved or are subject to disapproval by the commissioner; (2) are not exempted by some other statute; and (3) have not been exempted by a rule of the Commissioner of Insurance.
 
 
 29
 It appears that there is no statute requiring the commissioner to approve the terms of homeowner's insurance policies. However, NRS 679B.225 provides that the Commissioner of Insurance may, at any time, "inspect any insurance policy covering any risk in this state." Further, "[e]very policyholder, upon request, shall produce any insurance policy in his possession or under his control for inspection by the commissioner." NRS 679B.225. We therefore conclude that the general terms of homeowner's insurance policies are subject to disapproval by the commissioner.
 
 
 30
 We further conclude that homeowner's insurance policies are not exempted from the provisions of NRS 687B.310 to 687B.420 by any other statute, except to the extent that a homeowner's insurance policy includes insurance for home protection as defined in NRS 690B.100.
 
 
 31
 Homeowner's insurance policies fall under two different categories of insurance--casualty and property. NRS 690B.010 provides that "[a]ll contracts of casualty insurance covering subjects resident, located or to be performed in this state are subject to the applicable provisions of chapter 687B of NRS (the insurance contract), and to other applicable provisions of this code." Further, NRS 691A.010 provides that "[a]ll contracts of property insurance covering subjects located in this state are subject to the applicable provisions of chapter 687B of NRS (the insurance contract), and to other applicable provisions of this code." Thus, because homeowner's insurance policies are contracts of casualty and property insurance, such policies are subject to the statutes pertaining to cancellations and nonrenewals of insurance policies set forth in NRS 687B.310 to 687B.420, except to the extent that a homeowner's insurance policy might provide insurance for home protection, as defined in NRS 690B.100.
 
 
 32
 Insurance for home protection receives special treatment. Chapter 690B of the Nevada Revised Statutes, entitled "Casualty Insurance," includes a section pertaining to "Insurance for Home Protection." NRS 690B.100. NRS 690B.110 provides that "[e]xcept as provided in subsection 2 and NRS 690B.100 to 690B.180, inclusive, insurance for home protection is subject to all applicable provisions of this code." NRS 690B.160 provides regulations for cancellation and renewal of a contract of insurance for home protection. We therefore conclude that insurance for home protection is not subject to the statutes pertaining to cancellations and nonrenewals of insurance policies set forth in NRS 687B.310 to 687B.420.
 
 
 33
 Finally, homeowner's insurance policies have not been exempted from the provisions of NRS 687B.310 to 687B.420 by a rule of the Commissioner of Insurance pursuant to NRS 687B.310(3).
 
 
 34
 Consequently, a homeowner's insurance policy is a contract of insurance, the general terms of which are subject to disapproval by the Commissioner of Insurance, and are subject to the cancellation and nonrenewal provisions of NRS 687B.310 to 687B.420, except to the extent that such a policy provides insurance for home protection as defined in NRS 690B.100.
 
 
 35
 /s/ SPRINGER,
 
 
 36
 Chief Justice.
 
 
 37
 /s/ SHEARING,
 
 
 38
 Shearing, Justice.
 
 
 39
 /s/ ROSE
 
 
 40
 Rose, Justice.
 
 
 41
 /s/ YOUNG,
 
 
 42
 Young, Justice.
 
 
 43
 /s/ MAUPIN,
 
 
 44
 Maupin, Justice.
 
 
 45
 cc: U.S. Court of Appeals, Ninth Circuit.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a)(2)
 
 
 [1]
 Section 385 was amended in 1997, after the initiation of this litigation. The words "casualty or property" were replaced with "commercial or private passenger automobile." The remainder of §§ 310-420 was unaffected by the amendment
 
 
 [2]
 For example, § 690B.031 requires the Commissioner to approve all insurance policies for automobiles with air bags
 
 
 [3]
 The full text of the answer is provided as an attachment to this opinion
 
 
 [4]
 NRS §§ 690B.010 provides that all casualty insurance policies "covering subjects ... located ... in this state are subject to the applicable provisions of chapter 687B...." Section 691A.010 provides the same for property insurance policies