**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 19 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

FIRST NATIONAL BANK OF
TURLEY,

      Plaintiff-Appellant and Cross-
      Appellee,

v.

FIDELITY & DEPOSIT INSURANCE
COMPANY OF MARYLAND,

      Defendant-Appellee and Cross-
      Appellant.

Nos. 98-5064, 98-5082

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 93-C-284-E)

---

Jerry Reed (Joseph R. Farris and Jody R. Nathan with him on the brief), Tulsa, Oklahoma,
for Plaintiff-Appellant.

Robert L. Magrini (John B. Hayes and Evan B. Gatewood with him on the brief), of
Hayes & Magrini, Oklahoma City, Oklahoma, for Defendant-Appellee.

---

Before **BALDOCK**, **PORFILIO**, and **EBEL**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

Plaintiff First National Bank of Turley appeals (1) the district court's denial of its application for attorney's fees under Oklahoma law from Defendant Fidelity & Deposit Insurance Company of Maryland, and (2) the district court's grant of Fidelity & Deposit's motion to modify the judgment finding that First National is not entitled to post-offer costs under Fed. R. Civ. P. 68. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate and remand.

## I.

Fidelity & Deposit issued First National an insurance policy that provided liability coverage for personal injuries caused by breach of privacy. The policy defined "personal injury" as "oral or written publication of material that violates a person's right to privacy." The policy excluded from coverage acts "arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured."

In 1988, First National President Mikel Hoffman called an IRS agent to report that he suspected bank customers Buel and Peggy Neece were violating the income tax laws. The Neeces sued First National for breach of privacy under the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-3422. First National requested that Fidelity & Deposit defend it against the Neeces' suit. Fidelity & Deposit refused on the ground that the policy specifically excluded from coverage Hoffman's willful disclosure to the IRS.

In September, 1992, First National requested that Fidelity& Deposit reevaluate First National's coverage under the policy. First National pointed out to Fidelity &

Deposit that the Neeces' most recent amended complaint contained allegations of negligent as well as willful conduct. In response, Fidelity & Deposit sent First National a reservation of rights letter, in which Fidelity & Deposit agreed to defend First National in the Neeces' suit from that point forward. The letter stated, "Due to the fact that Mr. and Mrs. Neece's First Amended Complaint may conceivably be read as alleging both an unintentional and a willful violation under the Financial Right to Privacy Act, Fidelity & Deposit Company has agreed to assume First National Bank of Turley's defense." First National turned down Fidelity & Deposit's offer because it did not cover expenses before the September, 1992, reevaluation of coverage. Fidelity & Deposit, however, began paying First National's defense costs in the ongoing Neece suit. First National accepted the payments.

Shortly after turning down Fidelity & Deposit's reservation of rights letter because it did not extend coverage for all of its defense costs since 1988, First National filed suit against Fidelity & Deposit. In its complaint, First National demanded $125,000.00 in defense costs that it had incurred so far in the Neece suit, "additional damages as a result of the breach, including additional attorney's fees and indemnity for any judgment rendered against it in the Neece action," and $5 million in punitive damages for bad faith refusal to defend.

In a letter dated June 10, 1994, Fidelity & Deposit made an offer to confess judgment under Fed. R. Civ. P. 68 in the amount of $67,333.49, intended to cover First

National's defense costs incurred before December 31, 1991.[1]  The letter notes that Fidelity & Deposit had already paid First National's 1992 expenses and was ready to pay the 1993 expenses.  First National rejected the offer of judgment.

In its pretrial order, the district court noted that Fidelity & Deposit "has now agreed to assume the Bank's defense under reservation of rights."  The remaining factual issues at trial included whether Fidelity & Deposit acted in bad faith in initially refusing to defend First National and whether Fidelity & Deposit was responsible for First National's defense costs incurred before the September, 1992, reevaluation request.  The district court submitted to the jury the questions of Fidelity & Deposit's liability for bad faith and its liability for First National's defense costs incurred before September, 1992.  The jury returned a verdict for First National in the amount of $20,000.00, and the district court entered judgment for that amount.

After the district court entered judgment, First National filed an application for attorney's fees under Okla. Stat. tit. 36, § 3629(B) to recover its fees in its lawsuit against Fidelity & Deposit.  The district court denied First National's motion.  Fidelity & Deposit filed a motion to amend the judgment to reflect that pursuant to Fed. R. Civ. P. 68, First National was not entitled to recover its post-offer costs from Fidelity & Deposit.  The

---

[1]  As First National pointed out in its letter rejecting the offer of judgment, the correct amount was actually $52,429.29.  Fidelity & Deposit had already paid about $15,000 in defense costs that First National incurred during 1991 and 1992.

district court granted Fidelity & Deposit's motion, and entered an amended judgment that did not award any costs to First National.

The Neece suit did not settle until one year after the district court entered judgment in First National's suit against Fidelity & Deposit. Fidelity & Deposit paid all of the fees and costs First National incurred in defending the Neeces' suit, except those incurred before June 1, 1991. Fidelity & Deposit paid the Neeces $84,813.00 to settle their breach of privacy suit.

## II.

First National first argues that the district court erred in denying its application for attorney's fees under Oklahoma statutory and common law. The Oklahoma statute awards attorney's fees to prevailing parties in suits on insurance policies:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim within 90 days of receipt of proof of that loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.

Okla. Stat. tit. 36, § 3629(B). The district court found that First National was not entitled to attorney's fees under § 3629 because the statute does not apply to suits which allege only the tort of bad faith refusal to defend and do not allege any contract claim on the insurance policy itself. The scope of the attorney's fee statute is a question of law which we review de novo. See Driver Music Co. v. Commercial Union Ins. Cos., 94 F.3d 1428, 1432 (10th Cir. 1996).

Under Oklahoma law, attorney's fees are available in any suit on an insurance policy "so long as the 'core element' of the damages sought and awarded is composed of the insured loss." Taylor v. State Farm Fire & Casualty Co., 981 P.2d 1253, 1256 (Okla. 1999). The decision in Taylor, answering certified questions from this court, clarified that § 3629 does in fact apply to bad faith suits such as First National's, regardless of any contract claim on the policy itself. The "core element" of the damages First National sought was in fact the insured loss: the expenses incurred in defending the Neece suit. Although the district court did not have the benefit of the decision in Taylor, which appeared two years after it ruled on First National's application for attorney's fees, this court is nevertheless bound to apply Taylor because it is the law in effect at the time we issue our decision. See Saint Francis College v. Al-Khazraji, 481 U.S. 604, 608-09 (1987).

Because the district court found that the Oklahoma attorney's fee statute did not apply to First National's case, it did not reach the issue of whether First National was a prevailing party under the Oklahoma statute. The plaintiff is a prevailing party if the plaintiff gets a judgment that is larger than the settlement offer it rejected:

> For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed the written offer of settlement. In all other judgments the insured is the prevailing party.

Okla. Stat. tit. 36, § 3629(B). We remand the case to the district court to determine who the prevailing party is. See Stichting Mayflower Recreational Fonds v. Newpark

Resources Inc., 917 F.2d 1239, 1248 (10th Cir. 1990) (remanding an attorney's fee issue to the district court to determine who the prevailing party is).

Similarly, in its order denying attorney's fees, the district court did not rule on whether First National is entitled to attorney's fees under Oklahoma common law. See Christian v. American Home Assurance Co., 577 P.2d 899, 906 (Okla 1977) (holding that, in a case where an insured successfully sued its insurer for bad faith, "the trial court, in exercise of its equitable power, may award attorney's fees" under the common law). The creation of the statutory right to recover attorney's fees from an insurance company did not abrogate the common law right to attorney's fees where bad faith is shown. See Brashier v. Farmer's Ins. Co., 925 P.2d 20, 23-24 (Okla 1996). The common law right does not depend on prevailing party status. See id. at 24. The district court should also consider this issue on remand.

## III.

First National also appeals the district court's grant of Fidelity & Deposit's motion to amend the judgment finding that First National is not entitled to post-offer costs

pursuant to Fed. R. Civ. P. 68.[2] We review the district court's refusal to grant costs under Rule 68 for abuse of discretion, and review its underlying factual findings for clear error. See Arkla Energy Resources v. Roye Realty & Developing Inc., 9 F.3d 855, 866 (10th Cir. 1993).

Generally, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). "Rule 68 permits a party defending against a claim to recover all costs incurred after the making of an offer of judgment if the offeree rejected the settlement offer and ultimately was awarded less at trial." American Ins. Co. v. El Paso Pipe & Supply Co., 978 F.2d 1185, 1193 (10th Cir. 1992). The Rule provides:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money . . . specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

---

[2] In its brief, First National phrased its argument as: "Whether the Rule 68 offer of judgment changes the Appellant's status as prevailing party?" (Aplt. Br. at 1.) This claim is not cognizable for two reasons. First, pursuant to its plain language, the only possible effect of Rule 68 is to shift Fidelity & Deposit's post-offer costs to First National. Also, Rule 68 cannot shift attorney's fees because there is no applicable substantive law–not even § 3629–that awards attorney's fees as costs. See Knight v. Snap-On Tools Corp., 3 F.3d 1398, 1405 (10th Cir. 1993) (holding that the prevailing plaintiff is not entitled to attorney's fees under Rule 68 because the state fee-shifting statute does not "define 'costs' to include 'attorney's fees'").

Fed. R. Civ. P. 68. In order to determine whether the judgment finally obtained is greater than the offer, the offer is compared with the sum of the jury award and the pre-offer costs. See Knight v. Snap-On Tools Corp., 3 F.3d 1398, 1405 (10th Cir. 1993).

The district court granted Fidelity & Deposit's motion to amend the judgment to find that First National was not entitled to post-offer costs, and amended the judgment to award no costs to First National. The district court accepted Fidelity & Deposit's reasoning that First National was not the prevailing party because the judgment it received, $20,000.00, is not more favorable than the $67,333.49 settlement offer. The district court, however, made no findings regarding whether Fidelity & Deposit or First National was the prevailing party. Accordingly, we remand this issue for the district court to decide which party, if any, is entitled to costs under Rule 68.

VACATED and REMANDED for further proceedings consistent with this opinion.