1999 OK 44

**David G. TAYLOR and Jessica Taylor, Plaintiffs/Appellees,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant/Appellant.**

No. 89,677.

Supreme Court of Oklahoma.

May 18, 1999.

As Corrected June 9, 1999.

Joseph F. Clark, Jr., Tulsa, Oklahoma, for the appellees.

W.R. Cathcart and Virginia Cathcart Holleman, Cathcart, Gofton & Fraley, Oklahoma City, Oklahoma, for the appellant.

OPALA, J.

¶ 1　In conformity to the Uniform Certification of Questions of Law Act,[1] the United States Court of Appeals for the Tenth Circuit ("certifying court") submitted the following questions:

(1) To what extent, if any, does *Brashier v. Farmers Insurance Co. ...*[2] preclude trial court allowance of attorney fees and prejudgment interest under Okla. Stat. Ann. tit. 36, § 3629(B)[3] in insurance bad

---

1.　20 O.S.1991 §§ 1601 et seq.　This Act was amended by Laws 1997, Ch. 61, § 1, eff. Nov. 1, 1997, and is now known as the Revised Uniform Certification of Questions of Law Act.

2.　1996 OK 86, 925 P.2d 20.

3.　The pertinent terms of 36 O.S.1991 § 3629(B) are:

Insurer must submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of proof of loss. *Upon a judgment rendered to either party, costs and attorney fee shall be allowable to the*

faith cases in which the insured does not also recover on a contract claim?

(2) Following *Brashier*, are insurance bad faith claimants proceeding under Oklahoma law precluded from recovering attorney's fee and prejudgment interest in cases in which a claim is predicated on tort rather than contract?

¶ 2 As we understand the *first question,* it calls for an answer to whether *Brashier* construes the terms of *36 O.S.1991 § 3629(B)* to bar an award of attorney's fee and prejudgment interest in actions rested on a theory other than *ex contractu. We answer in the negative.* Recovery authorized by § 3629(B) embraces both contract- and tort-related theories of liability so long as the "core element" of the damages *sought* and *awarded* is composed of the insured loss.[4] *Brashier* does not address itself to the insured's right to recover, under § 3629, prejudgment interest on an award for the insured property loss. Prejudgment interest on an insured property-loss recovery—as an additional item of damages to the insured—is authorized by the terms of § 3629(B), to be construed together with those of 23 O.S.1991 § 6,[5] *whenever* (a) the insured is the prevailing party and (b) the damages for loss were capable of ascertainment by reference to well-established market values.[6] In that context prejudgment interest is deemed to be a statutorily added item of damages.

¶ 3 As we understand the *second question,* it asks that we answer whether *Brashier* may be construed to bar the § 3629 recovery of counsel-fee award and prejudgment interest in actions prosecuted solely on the theory of insurer's bad-faith refusal to settle. We declare that *Brashier does not bar a*

counsel-fee award in tort claims for bad-faith refusal to settle a property loss. A prevailing party's counsel fee also may be viewed as an element of the insured's recovery for the insurer's bad-faith refusal to settle the claim. In short, it does not rest solely on the § 3629 authority.[7] The right of an insured to recover prejudgment interest on the insured property loss (awarded in a bad-faith tort claim) is authorized as an additional item of damages to the insured by the terms of § 3629(B), to be construed together with those of 23 O.S.1991 § 6,[8] *whenever* (a) the insured is the prevailing party and (b) the damages for the insured loss were capable of ascertainment by reference to well-established market values.[9]

## I

## THE ANATOMY OF FEDERAL LITIGATION

¶ 4 A hail storm damaged David and Jessica Taylor's [Taylors] roof in April 1992. At the time their residence was covered by a homeowner's policy issued by State Farm Fire and Casualty Company [State Farm]. The parties differed on the extent and on the cost of repair.

 ¶ 5 Suit was brought in March 1994 on *ex contractu* and *ex delicto* theories of liability. The Taylors sought recovery (a) on the homeowner's policy for loss to the roof and (b) for State Farm's alleged breach of its implied duty of good faith and fair dealing by refusing to settle the claim. The district court summarily ruled out as time-barred the contract theory of liability, but allowed the trial to proceed on the tort theory.[10] The jury returned a verdict for the Taylors in the amount of $39,002.25 in actual damages. The

---

prevailing party. The prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. (emphasis supplied).

4. *See* discussion in Part IV(A) infra.

5. For the terms of 23 O.S.1991 § 6, see Part V, *infra.*

6. *See* discussion in Part V, *infra.*

7. *See* discussion in Part IV(B) *infra.*

8. For the terms of 23 O.S.1991 § 6, see Part V, *infra.*

9. *See* discussion in Part V, *infra.*

10. Extant jurisprudence imposes a two-year limitation upon a tort action based on bad-faith refusal to settle a claim. *Lewis v. Farmers Ins. Co., Inc.,* 1983 OK 100, 681 P.2d 67, 70.

Taylors moved for an award of attorney's fee, costs and prejudgment interest, all alleged to be due under the terms of 36 O.S.1991 § 3629.[11] Relying on *Thompson v. Shelter Mutual Insurance*,[12] the district court set the counsel-fee award at $126,000[13] (including costs) with prejudgment interest of $16,-608.14.[14] According to *Thompson*, the terms of § 3629(B) allow a counsel-fee award for time spent preparing and prosecuting a bad-faith claim, whenever the insured succeeds in litigation and meets the statutory requirement of obtaining a judgment larger than that of the greatest settlement offer from the insurer.[15]

¶ 6 State Farm's quest for review in the U.S. Court of Appeals for the Tenth Circuit is confined to corrective relief from the award of attorney's fee, costs and prejudgment interest. According to State Farm, the terms of § 3629 *do not support the challenged recovery absent the insureds' victory on their contract claim.* The certifying court notes that the parties disagree on whether *Thompson's* vitality has been undermined by the teachings of *Brashier.* It is this dispute between the litigants that appears to form the basis of the federal court certification.

## II

## THE NATURE OF THIS COURT'S FUNCTION WHEN ANSWERING QUESTIONS FROM A FEDERAL COURT

■ ¶ 7 While in answering the queries posed by a federal court the parameters of

state-law claims or defenses identified by the submitted questions may be tested, it is not this court's province to intrude (by its responses) upon the certifying court's decision-making process.[16] The latter court must be left entirely free to assess the impact of our answers and then *make its own appraisal* of the proof in the case before it.[17]

■ ¶ 8 Because this case is not before us for decision, we refrain, as we must, from applying the declared state-law responses to the facts in the federal-court litigation, which are tendered for review by the certifying court either in the form of evidence adduced at trial or in acceptable probative substitutes (the so-called "evidentiary materials").[18] The task of analyzing today's answers for their application to this case is deferred in its entirety to the certifying court.

## III

## *BRASHIER'S* TEACHINGS AND THEIR HISTORICAL ANTECEDENTS

### A.

### *Insured Loss Recovery under Ex Contractu And Ex Delicto Theories*

■ ¶ 9 While numerous items of damage may result from one injurious occurrence, the party who seeks to recover for an

11. For the pertinent terms of 36 O.S.1991 § 3629, see *supra* note 3.

12. 875 F.2d 1460 (10th Cir.1989).

13. For the amount of the counsel-fee award and costs the district court relied *on the parties' stipulation.*

14. The prejudgment interest of $16,608.14 was calculated (at 15% per annum) from 3 June 1992 (the date that State Farm made a written offer to adjust its previous settlement offer) to 28 April 1995 (the day judgment was entered).

15. *Thompson, supra* note 12 at 1465.

16. *See* Uniform Laws Annotated, Uniform Certification of Questions of Law Act/Rule (1995); Goldschmidt, Certification of Questions of Law;

Federalism in Practice, American Judicature Society (1994).

17. *See, e.g., Shebester v. Triple Crown Insurers,* 974 F.2d 135, 137 (10th Cir.1992). State Farm informs us that it is arguing on appeal (to the U.S. Court of Appeals for the Tenth Circuit) that the plaintiffs have waived their plea for an attorney's fee as an element of their claim for bad-faith refusal to settle the insured loss. We note that since the asserted waiver is not included in the questions certified, it is inappropriate for our consideration.

18. *Schmidt v. United States,* 1996 OK 29, 912 P.2d 871, 873; *Brown v. Ford,* 1995 OK 101, 905 P.2d 223, 226; *Bonner v. Oklahoma Rock Corp.,* 1993 OK 131, 863 P.2d 1176, 1178 n. 3; *Shebester v. Triple Crown Insurers,* 1992 OK 20, 826 P.2d 603, 606 n. 4.

insured loss *has but a single cause of action,* although its claim may be advanced concurrently on *ex contractu* and *ex delicto* theories.[19] When a lawsuit is brought solely for *recovery of loss* under the policy, it is, of course, limited to an *ex contractu* theory. But when an action is pressed for *bad-faith refusal to settle*—first recognized as a distinct tort in *Christian v. American Assur. Co.*[20]—the plaintiff may seek damages (a) for the *loss payable under the policy* together with (b) those *other items of recovery* that are consistent with harm flowing from insurer's bad-faith breach of its implied-in-law duty to settle.[21] In sum, while no identifiable *ex contractu* recovery is achieved by the victorious bad-faith plaintiff, *indemnity for loss (under the contract)* constitutes the centerpiece *element of damages* included in every *ex delicto* recovery for bad-faith refusal to settle.[22]

## B.

### The Teachings of Brashier

¶ 10 The issue in *Brashier*[23] was whether, in light of § 3629's explicit exclusion from its purview of UM losses,[24] the victorious UM plaintiff was nonetheless entitled to an attorney's fee as a common-law element of his bad-faith recovery. Concluding that § 3629 did not explicitly abrogate the pre-existing common law, the court allowed a counsel-fee

award as an item of recoverable harm. The *Brashier pronouncement stands confined to UM claims.* It resulted from the legislative failure explicitly to address in § 3629 the continued viability of pre-existing common-law authority.

## IV

## THE EFFECT OF *BRASHIER* ON THIS LITIGATION *INSOFAR AS THE INSUREDS SEEK A COUNSEL–FEE AWARD*

### A.

### A Counsel–Fee Award Under 36 O.S.1991 § 3629(B)

¶ 11 The law yields two sources of authority for counsel-fee allowance in bad-faith tort claims—the text of § *3629*[25] and the *common-law jurisprudence* (under the teachings of *Christian*).[26] Section 3629 provides, among others, for the prevailing party's recovery of counsel fee in an action for the insured loss recovery. Counsel-fee award under § 3629 depends *not* on the theory of liability imposed *but on the recovery* of the insured loss as the prevailing party's core element of reparations. Ever since this court's pronouncement in *Oliver's Sports Center, Inc. v. Nat'l Standard Ins. Co.,*[27] § 3629 has been held *to authorize counsel-fee awards in both contract and tort claims*

19. Our current remedial regime gives the insured a choice between two alternative theories of recovery—one founded on promise-generated liability and the other on insurer's duty of good faith implied in its status *qua* insurer or derived from public policy considerations. *Mann v. State Farm Mut. Auto. Ins. Co.,* 1983 OK 84, 669 P.2d 768, 772; *Retherford v. Halliburton Co.,* 1977 OK 178, 572 P.2d 966, 969; *Aetna Casualty & S. Co. v. Associates Transports Inc.,* 1973 OK 62, 512 P.2d 137, 142; *Stone v. Case,* 34 Okl. 5, 124 P. 960, 966–67 (1912).

20. 1977 OK 141, 577 P.2d 899, 901.

21. *Id.* at 901.

22. If a notion does still persist that a bad-faith tort claim for refusal to settle is devoid of *ex contractu* underpinnings, it comes through the confusion of the term "claim" with that of "recovery." In an *ex contractu* claim it is solely the insured loss that may be recovered, while the *elements of recovery in the bad-faith suit are for*

more than the insured loss: (a) the loss to be indemnified under the policy *plus* (b) the harm from insurer's bad-faith refusal to settle.

23. *Brashier, supra* note 2 at 22.

24. For the pertinent terms of 36 O.S.1991 § 3629(B), see *supra* note 3.

25. For the text of 36 O.S.1991 § 3629(B), see *supra* note 3.

26. *Christian, supra* note 20.

27. 1980 OK 120, 615 P.2d 291, 295. Under the teachings of *Oliver's Sports,* if the bad-faith tort claim is timely and one of the items of recovery is the amount of loss to be indemnified under the provisions of the policy, § 3629(B) is invocable because *critical to its application is* not the timeliness of a contract claim, but *the plaintiff's recovery of loss submitted for payment to the insurer.*

against the insurer, so long as the insured loss constitutes the core element of the awarded recovery.[28]

¶ 12 While in *Brashier* the insured loss lay at the core of bad-faith recovery, it was for a coverage (UM) that was explicitly excluded from the purview of § 3629. *Brashier declares that* UM-loss recovery in bad-faith claims qualifies for a counsel-fee award *under the teachings of Christian.*

### B.

### *Counsel–Fee Award As An Element of Damages In A Bad–Faith Claim*

¶ 13 The remedy of *bad-faith refusal to settle a claim* rests on the insurer's *implied-in-law* duty to act in good faith and to deal fairly with the insured.[29] *Christian* stands for the notion that counsel fees are a *common-law element of the insured's damage* for the insurer's bad-faith refusal to pay the claim.[30]

■ ¶ 14 *Brashier* addresses itself *only* to claims based on bad-faith refusal to pay a UM loss. No other class of insurance recovery is implicated by its teachings. What *Brashier* settles is that, although a party prevailing in a claim for bad-faith refusal to settle a UM loss *may not be allowed an award of counsel fee under the authority of § 3629*, an attorney's fee is recoverable by

the prevailing party as a recognized common-law element of damage. In short, *Brashier* teaches that the UM coverage exclusion from the purview of § 3629 falls short of abrogating the common law of *Christian.*

### V

### THE EFFECT OF BRASHIER ON THIS LITIGATION INSOFAR AS THE INSUREDS SEEK *PREJUDGMENT INTEREST*

■ ¶ 15 *Brashier does not reach the issue* whether prejudgment interest may be added—from the time of the *claim's accrual to the date of judgment*—on the amount of recovery *for an insured property loss.* The award of prejudgment interest in *Brashier* rests on 12 O.S.1991 § 727,[31] which governs solely personal-injury elements of recovery.[32] Section 727 is clearly not applicable to a property damage loss.[33] The statute that governs prejudgment interest awardable *qua* damages is 23 O.S.1991 § 6.[34] Its terms, *which are declaratory of the common law,* provide in pertinent part:

> Any person who is entitled *to recover damages certain,* or *capable of being made certain* by calculation, and the right to recover which is vested in that person

---

28. *For application of the Oliver's Sports* approach, *see McCorkle v. Great Atlantic Inc. Co.,* 1981 OK 128, 637 P.2d 583, 586, where the victorious (fire-insurance) plaintiff received as items of recovery, an award for the insured loss, punitive damages for the insurer's bad-faith handling of the claim, and an attorney's fee (under § 3629); *Alsobrook v. National Travelers Life Ins. Co.,* 1992 OK CIV APP 168, 852 P.2d 768, 773; *City Nat. Bank v. Jackson Nat. Life Ins.,* 1990 OK CIV APP 89, 804 P.2d 463, 469.

29. *Christian, supra* note 20 at 901. A *Christian* claim—crafted from the nature of the insured/insurer relationship—flows not so much from contract as it does from law that attaches a cluster of implied-in-law duties to the insurer/insured status. *Id.*

30. *Christian, supra* note 20 at 901.

31. The pertinent terms of 12 O.S.1991 § 727(A)(2) are:
 When a verdict for damages by reason of personal injuries ... is accepted by the trial court, the court in rendering judgment shall add in-

terest on said verdict at a rate prescribed pursuant to subsection B of this section from the date the suit was commenced to the date of verdict....

32. *Brashier, supra* note 2 at 26; *Timmons v. Royal Globe Ins. Co.,* 1985 OK 76, ¶ 1, 713 P.2d 589, 590(teaches that when a verdict covers more than purely personal injury, § 727 applies to those severed (or severable) portions of the verdict which represent an identifiable personal-injury element).

33. Although *personal-injury* recovery is for unliquidated damages, by explicit legislative declaration prejudgment interest nonetheless attaches to that kind of award. 12 O.S.1991 § 727. In short, *§ 727 takes personal-injury recovery out of the rubric that is governed by § 6.*

34. *Shanbour v. Phillips 66,* 1993 OK 128, 864 P.2d 815, 816–817; *Fidelity–Phenix Fire Ins. Co. of N.Y. v. Board of Ed. of Town of Rosedale,* 201 Okl. 250, 204 P.2d 982, 987–88 (1948); *see also Ottinger v. U.S. for Use of Brown,* 230 F.2d 405 (10th Cir.1956).

upon a particular day, is entitled also to recover interest thereon from that day. (emphasis added).

## A.

### *The Common–Law Antecedents of § 6*

¶ 16 Interest was permitted at common law on a debtor's failure to repay a loan according to the contract terms.[35] This concept led to the development of the distinction—still present in the law of damages—between claims for liquidated and unliquidated amounts.[36] Interest, though allowed on liquidated claims, was denied on demands considered unliquidated. This principle of English jurisprudence became a part of the American common law.[37] As courts began to view compensation as the primary goal of damage awards, there developed some relaxation in the requirement that recovery of prejudgment interest be confined to liquidated demands.[38] If the amount of an injured party's claim could be determined by reference to well-established market values or by computation, the injured party could be awarded interest as a matter of law.[39] This view came to be incorporated into the New York Civil Code,[40] which was adopted in 1866 by the Dakota Territory.[41] Oklahoma's prejudgment interest statute in § 6 was derived from the laws of Dakota.[42]

¶ 17 Prejudgment interest on an insured property-loss recovery is governed by the legislative approval of the applicable common law which is declared in § 6.[43]

---

**35.** The early common law viewed any interest as usurious and illegal. With the expansion of commercial activity, this view changed and English courts permitted the collection of interest on a debtor's failure to repay a loan according to the contract terms. *Lowe v. Waller*, 2 Doug. 736, 740, 99 Eng. Rep. 470, 472–73 (K.B.1781). For various treatments of the early historical developments in interest law, see *Laycock v. Parker*, 103 Wis. 161, 79 N.W. 327 (1899); *Adriance v. Brooks*, 13 Tex. 279, 281 (1855); *Van Rensselaer v. Jewett*, 2 N.Y. 135, 140 (1849); D. Dobbs, Remedies, § 3.5 (1973); 8 W. Holdsworth, History of English Law 100–13 (1925); C. McCormick, Handbook On The Law Of Damage, § 51 k; T. Sedgwick, A Treatise on the Measure of Damages § 292 (A. Sedgwick & J. Beale 9th rev. ed.1920); 1 J. Sutherland, The Law of Damages, §§ 301–303 (J. Berryman 4th ed.1916); M. Oyos, *Prejudgment Interest in South Dakota*, 33 S.D.L.Rev. 484, 486–88 (1988); Michael S. Knoll, *A Primer on Prejudgment Interest*, 75 Tex. L.Rev. 293, 298 (1996); A.E. Rothschild, Comment, *Prejudgment Interest: Survey and Suggestion*, 77 Nw. U.L.Rev. 192, 195–99 (1982); Note, *Recovery of Prejudgment Interest on an Unliquidated State Claim Arising within the Sixth Circuit*, 46 U. CIN. L. REV. 152 (1977); Comment, *Prejudgment Interest: An Element of Damages Not to be Overlooked*, 8 CUM. L. REV. 521 (1977); Note, *Denham v. Bedford: Statutory Prejudgment Interest and its Effect on Third Party Insurers*, 1979 DET. C.L. REV. 345, 346; Comment, *Allowance of "Interest" on Unliquidated Tort Damages in Pennsylvania*, 75 DICK. L. REV. 79, 89–91 (1970); Comment, *Interest as Damages in California*, 5 U.C.L.A. L. REV. 262, 264–65 (1958). *See in this connection Daly v. Swift & Co.*, 90 Mont. 52, 300 P. 265, 269 (1931); *Necedah Manufacturing Corp. v. Juneau County*, 206 Wis. 316, 237 N.W. 277, 281–83 (1931).

**36.** If the amount of damages was a fixed sum (such as the face amount of an insurance policy), the claim was considered *liquidated*. This is so because a defendant knew the amount owing and could immediately pay the damages. If the damages were uncertain, the claim was considered *unliquidated*. The defendant could not determine the extent of liability before trial. *The liquidated-unliquidated dichotomy test presupposed that a defendant was liable for prejudgment interest only if the defendant knew or could have determined the amount of damages. Oyos, supra note 35 at 487; McCormick, supra note 35 at § 51; Sedgwick, supra note 35 at § 292.*

**37.** *Oyos, supra* note 35 at 487; *Dobbs, supra* note 35 at § 3.5; *McCormick, supra* note 35 at §§ 54–56; *Sedgwick, supra* note 35 at §§ 299, 315.

**38.** By the mid-nineteenth century, several theories concerning interest as damages were current. The prevailing view permitted recovery beyond strictly liquidated claims. *Oyos, supra* note 35 at 487; *U.C.L.A. Comment, supra* note 35, at 265.

**39.** *Oyos, supra* note 35 at 487; *McMahon v. New York & Erie Railroad*, 20 N.Y. 463 (1859); *Van Rensselaer, supra* note 35; *Reid v. Rensselaer Glass Factory*, 3 Cow. 393 (N.Y.1824); *U.C.L.A. Comment, supra* note 35 at 264.

**40.** Field, The Civil Code of the State of New York, §§ 1835, 1836 (1865).

**41.** 1 South Dakota Code of 1939 (1939); *Oyos, supra* note 35 at 487.

**42.** 23 O.S.1991 § 6 (Historical Note).

**43.** *Withrow v. Red Eagle Oil Co.*, 1988 OK 16, 755 P.2d 622, 625; *Sisney v. Smalley*, 1984 OK 70, 690 P.2d 1048, 1050.

Damages are certain within the meaning of § 6 if they *are liquidated or capable of ascertainment before judgment through calculation by resort to well-established market values.*[44] Interest on the insured loss is allowable from the date the claim becomes certain[45] and the loss is payable under the terms of the policy.[46] Prejudgment interest is regarded as a part of the recoverable harm. In bad-faith recovery cases, prejudgment interest would accrue on the liquidated amount of the insured property loss.[47]

■ ¶ 18 In sum, if a (property loss) demand's value is unascertainable until its quantum is judicially settled, no prejudgment interest is the victor's due.[48] But if the value of the demand is fairly ascertainable before its settlement by judgment, prejudgment interest will accrue.[49]

### B.

### *§ 3629 and § 6 are In Pari Materia*

■ ¶ 19 Different statutes on the same subject are generally to be viewed as *in pari materia* and must be construed as a harmonious whole.[50] All legislative enactments *in pari materia* are to be interpreted together as forming a single body of law that will fit into a coherent symmetry of legislation.[51] We cannot conclude that the legislature intended for § 3629 to supersede the terms of 23 O.S.1991 § 6 by making prejudgment interest an across-the-board advantage of *every* prevailing party. We hence declare that § 3629 neither *expands* nor *abridges* a successful party's entitlement to prejudgment interest in the insured loss litigation.

¶ 20 When construed together with § 6, the purview of § 3629 is restricted to those property-loss recoveries in which the *insured loss* was for a liquidated amount or for an amount that could be made ascertainable by reference to well-established market values. Before prejudgment interest is one's due, it must be determined that, at the time proof of loss was denied, the quantum of the loss could be ascertained by reference to market values.[52]

### C.

### *Pre–Existing Common Law Cannot Be Abrogated Without Explicit Legislative Direction*

■ ¶ 21 Any notion that § 3629 was intended to give *every* prevailing party in a suit for recovery of the insured property loss the benefit of prejudgment interest would not only repeal § 6—an enactment long in force—but would also abrogate, without any semblance of legislative authority, pre-existing common law that stands declared by that section. By the mandate of 12 O.S.1991 § 2 the common law remains in full force unless a statute explicitly provides to the contrary. Legislative abrogation of the common law

---

**44.** *Sandpiper North Apartments, Ltd. v. American Nat'l Bank and Trust Co.,* 1984 OK 13, 680 P.2d 983, 993; *American Eagle Fire Ins. Co. v. Lively,* 142 Okl. 246, 286 P. 797, 799 (1930)(interest is not recoverable on unliquidated damages where a judgment or verdict is necessary to ascertain the amount of the damage); *St. Paul Fire & Marine Ins. Co. v. Robison,* 72 Okl. 269, 180 P. 702, 703 (1919).

**45.** *Heiman v. Atlantic Richfield Co.,* 1995 OK 19, 891 P.2d 1252, 1258. Damages are not certain where their calculation is left to the best judgment of the fact-finder or if conflicting evidence must be weighed to determine the precise amount of damages due. *Withrow, supra* note 43 at 626; *Cook v. Oklahoma Bd. of Public Affairs,* 1987 OK 22, 736 P.2d 140, 153.

**46.** *Fidelity–Phenix, supra* note 34 at 987.

**47.** *See, e.g., Timmons, supra* note 32, where prejudgment interest was invoked for just one item of a party's multi-element recovery.

**48.** *Cook, supra* note 45 at 152; *Allison v. Allen,* 1958 OK 125, 326 P.2d 1059, 1063; *Smith v. Owens,* 1963 OK 187, 397 P.2d 673, 683; *American Eagle, supra* note 44 at 798.

**49.** *Cook, supra* note 45 at 152; *Smith, supra* note 48 at 683.

**50.** *State v. Phillips Petroleum Co.,* 189 Okl. 629, 118 P.2d 621, 625 (1941).

**51.** *Sharp v. Tulsa County Election Bd.,* 1994 OK 104, ¶ 11, 890 P.2d 836, 840; *Johnson v. Ward,* 1975 OK 129, ¶ 22, 541 P.2d 182, 186; *Letteer v. Conservancy Dist.,* 1963 OK 218, ¶ 14, 385 P.2d 796, 801.

**52.** *Sandpiper, supra* note 44 at 993.

may not be effected by mere implication.[53] It must be clearly and plainly expressed.[54]

¶ 22 If the amount due for the Taylors' loss is found to have been "fairly ascertainable" in value when their proof of loss was denied, prejudgment interest will accrue on the amount of the recovered property loss that was insured.

## VI

## SUMMARY

¶ 23 In answer to question one we declare Oklahoma law to be that for actions prosecuted in tort to recover for the insurer's bad-faith refusal to settle, *Brashier* bars neither an award of attorney's fee nor of prejudgment interest which stands authorized by the terms of *36 O.S.1991 § 3629(B)*.[55] One's victory solely on a contract theory of recovery is not the *sine qua non* of a § 3629(B) counsel-fee award. Recovery *under § 3629(B)* embraces both contract- and tort-related theories of liability *so long as the insured loss is the core element of the prevailing litigant's recovery.* Nor does *Brashier address itself to the issue* whether prejudgment interest may be added—from the *accrual time of the claim to the date of judgment*—on the amount of recovery for the insured property loss. Prejudgment interest is authorized by the terms of § 3629(B), to be construed together with 23 O.S.1991 § 6,[56] upon the insured property loss recovered as part of one's bad-faith claim *whenever* the insured is the prevailing party and the insured loss was for a liquidated amount or for an amount capable of ascertainment by reference to well-established market values.

¶ 24 In answer to question two we declare Oklahoma law to be that *Brashier* does not bar a § 3629 recovery of counsel-fee award in a common-law tort action for bad-faith refusal to settle a claim (other than one for UM loss). Counsel-fee allowance, which may also be awarded as an element of the insured's damages for the insurer's bad-faith refusal to pay a claim, does not hence rest solely on the authority of § 3629. Prejudgment interest *on the insured property loss* recovered in a bad-faith-refusal action is authorized by § 3629(B), to be construed together with § 6, as an additional item of damages to the insured, *whenever* the insured is the prevailing party and the insured loss was for a liquidated amount or for an amount capable of ascertainment by reference to well-established market values.

¶ 25 **CERTIFIED QUESTIONS ANSWERED.**

¶ 26 HARGRAVE, V.C.J., HODGES, LAVENDER, ALMA WILSON, KAUGER and WATT, JJ., concur;

¶ 27 SUMMERS, C.J., concurs in part and dissents in part;

¶ 28 SIMMS, J., dissents.

---

53. *Brashier, supra* note 2 at 22; *Tate v. Browning–Ferris*, 1992 OK 72, 833 P.2d 1218, 1225–1226; *Silver v. Slusher*, 1988 OK 53, 770 P.2d 878, 884; *State Mut. Life Assur. Co. of Amer. v. Hampton*, 1985 OK 19, 696 P.2d 1027, 1036 (Opala, J., concurring); *Ricks Exploration v. Okl. Water Resources Bd.*, 1984 OK 73, 695 P.2d 498, 504.

54. *Tate, supra* note 53 at 1225–1226; *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449, 451; *McCormack v. Oklahoma Publ. Co.*, 1980 OK 98, 613 P.2d 737, 740.

55. For the text of 36 O.S.1991 § 3629, see *supra* note 3.

56. For the text of 23 O.S.1991 § 6, see Part V *supra*.