Dear Representative Gray,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following questions:
1. Is the Legislature's organization day in January considereda legislative day for purposes of determining the legislativereview period for permanent rules?
 2. Is the Legislature's organization day in January consideredto be the first day of the Legislature's regular session forpurposes of determining the expiration of emergency rules?
 I.
¶ 1 To answer your questions, it is appropriate to begin with a review of the Legislature's organization day in January. This day is set forth in the Oklahoma Constitution at Article V, § 26.
 The Legislature shall also meet in regular session at the seat of government on the First Tuesday after the First Monday in January of each odd numbered year, beginning at twelve o'clock noon for the purposes only of performing the duties as required by Section 5 of Article VI of the Constitution and organizing pursuant to the provisions of this Article and shall recess not later than five o'clock p.m. of that same day until the following first Monday in February of the same year, beginning at twelve o'clock noon.
Okla. Const. art. V, § 26.
¶ 2 Although the actions that can be taken on that day are limited to "performing the duties as required by Section 5 of Article VI of the Constitution and organizing pursuant to the provisions of this Article," the Legislature is in "session."Id. The authorized duties include electing leaders, such as the President Pro Tempore and the Speaker (see Okla. Const. art. V, §§ 28 and 29), and declaring the winners of elective state offices or choosing the winner in case of a tie. See Okla. Const. art. VI, § 5.
¶ 3 You first ask whether the organization day is counted as part of the legislative review period for permanent rules. The Administrative Procedures Act gives the Legislature thirty legislative days to review the adopted permanent rules of a state agency:
 Upon receipt of any adopted rules, the Speaker of the House of Representatives and the President Pro Tempore of the Senate shall assign such rules to the appropriate committees of each such house of the Legislature for review. Except as otherwise provided by this section, upon receipt of such rules, the Legislature shall have thirty (30) legislative days to review such rules.
75 O.S. Supp. 2000, § 308[75-308](A).
¶ 4 Words in a statute are to be understood in their ordinary sense. See Neer v. State ex rel. Oklahoma Tax Comm'n,982 P.2d 1071, 1078 (Okla. 1999) (citation omitted). The plain meaning of "legislative day" is a day in which the Legislature is in session. See Ballentine's Law Dictionary 723 (3d. ed. 1969). Since the Legislature is in session on the organization day, the day is a legislative day. Understanding "legislative day" to include the organization day is consistent with the meaning of the term elsewhere in the statutes. Legislative days are the basis for the payment of per diem and mileage to legislators.See 74 O.S. Supp. 2000, §§ 291.1[74-291.1]; 291.1b. Provisions of different statutes that deal with the same subject are to be interpreted in a consistent manner. See Taylor v. State FarmFire Cas. Co., 981 P.2d 1253, 1261 (Okla. 1999). Additionally, the Legislature itself treats the organization day as a legislative day. See S.J. 48, 1st Sess., at 1 (Okla. 2001); H.J. 48, 1st Sess., at 1 (Okla. 2001); S.J. 47, 1st Sess., at 1 (Okla. 1999); H.J. 47, 1st Sess., at 1 (Okla. 1999). Thus, the organization day should be counted as one of the thirty days in the legislative review period for permanent rules.
 II.
¶ 5 You next ask whether the organization day is counted in the expiration of emergency rules. The Administrative Procedures Act states that emergency rules that are in effect on the first day of a regular session remain in effect through July 14 following such session:
 Emergency rules shall be effective from the date of approval by the Governor or a later date as specified in the approved emergency rule, unless otherwise specifically provided by the Legislature, through the first day of the next succeeding Regular Session of the Oklahoma Legislature, after the promulgation of such emergency rule, and shall be in full force and effect through July 14 following such session unless it is made ineffective pursuant to subsection H of this section.
75 O.S. Supp. 2000, § 253[75-253](F).
¶ 6 The Constitution states that the Legislature shall "meet in regular session" on the organization day. See Okla. Const. art. V, § 26. Thus, under the plain meaning of these provisions, the organization day is the first day of the regular session for purposes of 75 O.S. Supp. 2000, § 253[75-253](F). This conclusion is reinforced by the fact the Legislature itself treats the organization day as the first day of the regular session. See
S.J. 48, 1st Sess., at 1 (Okla. 2001); H.J. 48, 1st Sess., at 1 (Okla. 2001); S.J. 47, 1st Sess., at 1 (Okla. 1999); H.J. 47, 1st Sess., at 1 (Okla. 1999). Thus, the organization day should be counted in the expiration of emergency rules.
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Legislature's organization day set forth at Article V,§ 26 of the Oklahoma Constitution is considered a legislative dayfor purposes of determining the legislative review period forpermanent rules at 75 O.S. Supp. 2000, § 308(A).
 2. The Legislature's organization day set forth at Article V,§ 26 of the Oklahoma Constitution is considered to be the firstday of the Legislature's regular session for purposes ofdetermining the expiration of emergency rules at 75 O.S. Supp.2000, § 253(F).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
LISA G. BAYS ASSISTANT ATTORNEY GENERAL