Dear Representative, Clay Pope,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does the allowance of dual capacity in the OklahomaMunicipal Code at 11 O.S. 1991, § 8-106[11-8-106] include employment inthe terms "office or position?"
 2. Is a municipal employee qualified to be an electedmunicipal officer while maintaining his municipal employment?
 3. If so, is the municipal employee/elected municipal officerentitled to receive the employee salary, the elected municipalofficer salary or both?
 I.
¶ 1 To answer your questions, it is appropriate to begin with a review of the pertinent portion of the referenced statute:
 A person may hold more than one office or position in a municipal government as the governing body may ordain. A member of the governing body shall not receive compensation for service in any municipal office or position other than his elected office.
11 O.S. 1991, § 8-106[11-8-106].
¶ 2 You first ask whether the terms "office or position" as used in 11 O.S. 1991, § 8-106[11-8-106] include employment. The Oklahoma Municipal Code does not define office or position. However, the Code does define officer or official:
 "Officer or official" means any person who is elected to an office in municipal government or is appointed to fill an unexpired term of an elected office, and the clerk and the treasurer whether elected or appointed. When "officer" or "official" is modified by a term which refers to a personnel position or duty, the holder of the position or duty is not an officer or official of the municipality for any purpose.
11 O.S. 1991, § 1-102[11-1-102](6).
¶ 3 Based on the definition of officer or official, the term "office" generally does not include employment. If employment is included, it must be in the use of the term "position." Words in a statute are to be understood in their ordinary sense. Neer v.State ex rel. Okla. Tax Comm'n, 982 P.2d 1071, 1078 (Okla. 1999). The plain meaning of position is "the group of tasks and responsibilities making up the duties of an employee." Webster's Third New International Dictionary 1769 (3d ed. 1993). Understanding "position" to include employment is consistent with the meaning of the term elsewhere in the statutes. In 11 O.S.1991, § 11-123[11-11-123](A) and (B), 11 O.S. Supp. 2000, § 17-211[11-17-211](C), and 11 O.S. 1991, § 18-104[11-18-104], "position" refers back to "employee":
 A. An officer or employee who violates this section shall be removed from office or position either by the authority normally having power to remove him, or, after adequate opportunity for a public hearing, by the personnel board. An officer or employee who violates this section shall not hold any office or position in the city government for a period of four (4) years thereafter.
 B. . . . If the personnel board finds to its satisfaction that the officer or employee has violated this section prohibiting political activity, it shall remove him from office or position, and the money deposit shall be returned to the complainant.
11 O.S. 1991, § 11-123[11-11-123] (emphasis added).
 Any officer or employee who violates this act shall forfeit his office or position and shall be subject to such civil and criminal punishments as are provided by law.
11 O.S. Supp. 2000, § 17-211[11-17-211](C) (emphasis added).
 Every appointive officer or employee holding an office or position which exists under both the previous and new forms of government shall continue in his office or position in the new form of government until his services terminate or are terminated in the manner provided by the new form.
11 O.S. 1991, § 18-104[11-18-104] (emphasis added).
¶ 4 Provisions of different statutes that deal with the same subject are to be interpreted in a consistent manner. Taylor v.State Farm Fire and Cas. Co., 981 P.2d 1253, 1261 (Okla. 1999). Thus, the term "position" does include employment.
 II.
¶ 5 You next ask whether a municipal employee is qualified to be an elected municipal officer while maintaining his municipal employment. The answer to this question is found in the referenced statute:
 A person may hold more than one office or position in a municipal government as the governing body may ordain.
11 O.S. 1991, § 8-106[11-8-106].
¶ 6 Service in a dual capacity is allowed when ordained by the governing body.
 III.
¶ 7 Your last question asks, if the municipal employee is qualified to be an elected municipal officer while maintaining his municipal employment, is the municipal employee/elected municipal officer entitled to receive his employee salary, his elected office salary, or both? The answer to this question is also found in the referenced statute:
 A member of the governing body shall not receive compensation for service in any municipal office or position other than his elected office.
11 O.S. 1991, § 8-106[11-8-106].
¶ 8 If the governing body has ordained the municipal employee/elected municipal officer dual capacity, then the individual shall receive only the elected office salary.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The allowance of dual capacity in the Oklahoma MunicipalCode at 11 O.S. 1991, § 8-106[11-8-106] includes employment in the term"position."
 2. A municipal employee is qualified to be an electedmunicipal officer while maintaining his municipal employment ifthe governing body has ordained the municipal employee/electedmunicipal officer dual capacity pursuant to 11 O.S. 1991, §8-106[11-8-106].
 3. If the governing body has ordained the municipalemployee/elected municipal officer dual capacity, the individualshall receive only the elected office salary pursuant to 11O.S. 1991, § 8-106[11-8-106].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
LISA G. BAYS ASSISTANT ATTORNEY GENERAL