Dear Executive Director Unap
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Does the Oklahoma Housing Authorities Act, 63 O.S. 1991 Supp. 2000, §§ 1051 — 1082, ("Act"), authorize Indian HousingAuthorities created under the Act to dispose of their realproperty, developed under the federal 1937 Housing Act, withoutcompensation?
 2. If the answer is no, may the tribe by vote or resolution ofits governing body empower an Indian Housing Authority to disposeof its real property, developed under the 1937 Housing Act,without compensation?
 Background
¶ 1 A housing authority is a "public body corporate and politic" created by statute to finance and develop adequate low-income housing. 63 O.S. 1991, § 1054[63-1054](a). Under the "United States Housing Act of 1937" and its subsequent amendments, federal funds are made available to assist housing authorities in developing low-income housing projects.[1]42 U.S.C. §§ 1437 — 1440 (1994).
¶ 2 Housing authorities in Oklahoma are created and maintained under the Oklahoma Housing Authorities Act ("Act"), 63 O.S. 1991 Supp. 2000, §§ 1051 — 1082. Housing authorities are created to serve specific cities, counties, or Indian tribes. While housing authorities are created by statute, they function or may cease to function as the governing body of the city, county, or tribe may decide. Id. §§ 1055 — 1057; A.G. Opin. 81-77 at 142.
Your questions involve Indian Housing Authorities. Indian Housing Authorities are subject to the same ¶ 3 powers and restrictions as are city and county housing authorities, and are created pursuant to 63 O.S. 1991, § 1057[63-1057], which states in pertinent part as follows:
 There is hereby created, with respect to each Indian tribe, band, or nation in the state, a public body corporate and politic, to function in the operating area of such Indian tribe, band, or nation to be known as the "housing authority" of said Indian tribe, band, or nation, which shall be an agency of the State of Oklahoma, possessing all powers, rights, and functions herein specified for city and county authorities created pursuant to this act: Provided that said Indian housing authority shall not transact any business nor exercise its powers hereunder until or unless the governing council of said tribe, band, or nation, as the case may be, by proper resolution, declares that there is a need for an authority to function for said tribe, band, or nation.
Id. (emphasis added) (footnote omitted).[2]
 I.
¶ 4 You first ask whether the Act authorizes Indian housing authorities to dispose of their real property (houses and land) developed under the federal 1937 Housing Act, without compensation. The answer is no, because the property is State property which must be disposed of pursuant to statute, and the relevant provisions do not provide for making gifts of State property to individuals.
 A.
¶ 5 The first issue is whether the real property in question is State property. You indicate that Indian Housing Authorities are entirely funded by monies received through grants from the federal government and that no State funds are used in developing their low-income housing projects. The Oklahoma Supreme Court has held that federal grant-in-aid funds deposited in the State treasury retain their original character as federal, rather than State funds. In re State ex rel. Dep't of Transp.,646 P.2d 605, 609 (Okla. 1982). The Court held,
 Federal money deposited in the state treasury pursuant to some grant-in-aid program is held in trust for a specific purpose. Like other custodial funds, it retains its original legal character. . . . Once accepted by the state, federal funds stand burdened with a trust which follows them from the moment of the deposit.
Id. at 609-10.
¶ 6 The facts in your case differ from those in Department ofTransportation. Unlike the federal funds in Department ofTransportation, the federal funds which finance the Indian Housing Authorities' activities are not deposited in the State treasury with the State acting as a mere custodian of the money, having little or no control over its use; rather, the federal monies are paid directly to the housing authorities, who then use the funds to purchase land and housing in their capacity as State agencies. Once the funds are used to purchase real property, the housing authority, rather than the federal government, holds title to the property.
¶ 7 The dispositive fact in determining whether housing authorities' property is State or federal, therefore, is not how the property is funded; it is how title is held. Although federal grant money is used to purchase land and construct and maintain housing, title to the properties is held by the housing authorities in their capacity as State agencies (63 O.S. 1991, §1057[63-1057]); therefore, once property is purchased and title passes to an Indian Housing Authority, no matter the funding source, the property becomes State property. See Satepeahtaw v. State,595 P.2d 805, 806 (Okla.Crim. 1979) (characterizing housing authority's officials' diversion of housing authority monies as embezzlement of State funds).
 B.
¶ 8 The next issue is whether real property which is State-owned may be given to individuals without compensation. Generally, State agencies must dispose of their real property according to the provisions of 74 O.S. Supp. 2000, § 129.4[74-129.4].
That section reads in pertinent part as follows:
 A. Unless procedures for the disposal of real property owned by this state are otherwise provided for by law, no department, board, commission, institution, or agency of this state shall sell, exchange, or otherwise dispose of such real property subject to its jurisdiction except as provided for in . . . this section.
Id. (emphasis added).
¶ 9 While the Act addresses housing authorities' general powers to dispose of their real property, it fails to provide specific procedures for doing so. Provisions of different statutes that deal with the same subject are to be interpreted in a consistent manner. Taylor v. State Farm Fire Cas. Co., 981 P.2d 1253,1261 (Okla. 1999). In this case, the procedures of Section 129.4 apply and must be read together with the Act's provisions. See
A.G. Opin. 98-18 (holding that a State agency which has no statutory procedures for disposing of its real property must follow provisions of Section 129.4).
¶ 10 The Act makes no provision for conveyance of title to individuals without compensation. The Act gives housing authorities powers regarding their real property in pertinent part as follows:
 To lease, rent, sell or lease with option to purchase any dwelling, accommodations, lands, buildings, structures or facilities embraced in any project and . . . to establish and revise the rents or charges therefor; . . . to sell, lease, exchange, transfer, assign, pledge or dispose of any real or personal property or any interest therein . . . [I]n the event any property, real or personal, acquired by the authority . . . is later found to be in excess of its needs, or unsuitable or unuseable for any reason, such property shall, before being sold, leased, exchanged, transferred, assigned, pledged or disposed of in any other manner, be first offered to those persons, individuals, groups, organizations, corporations, municipalities or their successors from whom it was first procured by the authority, at the same price as paid by the authority at the time of acquiring same. . . .
63 O.S. 1991, § 1061[63-1061](e).
¶ 11 Section 1061 contains no authority for an Indian Housing Authority to make an outright gift of real property. Even with property deemed to be surplus ("in excess of [the housing authority's] needs, or unsuitable or unuseable for any reason"), the original sellers are to be given the option to repurchase. If the original seller declines to repurchase the property, the procedures detailed in 74 O.S. Supp. 2000, § 129.4[74-129.4](B) apply.
¶ 12 The relevant portions of Section 129.4(B) read as follows:
 1. Upon notification by the department, board, commission, institution, or agency to sell a parcel of real property, the Department of Central Services shall:
 a. obtain three new and complete appraisals of such property.
 a. cause notice of such sale to be published . . . and
 b. offer said property through public auction or sealed bids. . . . The property shall be sold to the highest bidder. The Department of Central Services shall not accept a bid of less than ninety percent (90%) of the appraised fair value of the property and the improvements on such property.
Id.
¶ 13 State law requires, therefore, that property belonging to Indian Housing Authorities be disposed of by means of appraisal, publication of notice of sale, public auction, and a sale resulting in at least ninety percent of the property's appraised value. Thus, Indian Housing Authorities may not dispose of their real property without compensation.
 II.
¶ 14 You next ask whether a tribe, by vote or resolution of its governing body, can empower an Indian Housing Authority to dispose of its real property without compensation. The answer is no.
¶ 15 Although Indian tribes have a measure of sovereignty in tribal matters, neither the issue of disposing of State property, nor that of the powers of a State agency, are intra-tribal matters; "[t]he powers, duties, and responsibilities of the Housing Authority and its officers are established and defined in the [Oklahoma Housing Authority] Act, not b[y] tribal law."Hous. Auth. v. Craytor, 600 P.2d 314, 316 (Okla. 1979). Therefore, in matters of State property and the powers of State agencies, State law, rather than tribal law, controls. As discussed above, State law, in the form of the Act and the statutes governing disposition of surplus property, provides no authority for making gifts of State property to individuals. Your question is answered by interpreting State law, and a tribal vote or resolution cannot give powers to an Indian Housing Authority not granted by State law. Therefore, a tribe cannot, by vote or resolution, authorize an Indian Housing Authority to dispose of its real property without compensation.
¶ 16 It is, therefore, the official Opinion of the Attorney General that:
1. The Oklahoma Housing Authorities Act, 63 O.S. 1991 Supp. 2000, §§ 1051-1082, ("Act"), does not authorize IndianHousing Authorities created under the Act to dispose of theirreal property, developed under the federal 1937 Housing Act,without compensation.
2. A tribe cannot, by vote or resolution of its governingbody, empower an Indian Housing Authority to dispose of its realproperty, developed under the 1937 Housing Act, withoutcompensation.
W.A. DREW EDMONDSON Attorney General of Oklahoma
DEBRA SCHWARTZ Assistant Attorney General
[1] The federal government now operates Indian housing programs under a new set of laws, known as the Native American Housing Assistance and Self-Determination Act ("NAHASDA").25 U.S.C. §§ 4101 — 4243 (2001). Pursuant to your question, this Opinion addresses only property bought and developed under the 1937 Act, not NAHASDA.
[2] The term "Indian Housing Authority" used throughout this Opinion refers only to housing authorities which are State agencies created pursuant to 63 O.S. 1991, § 1057[63-1057].