2002 OK CIV APP 78

**FEDERATED RURAL ELECTRIC INSURANCE CORPORATION, Plaintiff/Appellant,**

v.

**Mark WILLIAMS d/b/a Cherry Tree Service, Defendant/Appellee.**

and

**Federated Rural Electric Insurance Corporation, Plaintiff/Appellee,**

v.

**Colony Insurance Company, Defendant/Appellant.**

**Nos. 97,043, 97,051.**

Court of Civil Appeals of Oklahoma, Division No. 3.

July 12, 2002.

James W. Dobbs, Chubbuck, Smith, Rhodes, Stewart & Elder, P.L.L.C., Oklahoma City, OK, for Plaintiff/Appellant, Federated Rural Electric Insurance Corp.

June E. Matchette, Shannon K. Emmons, Manchester & Pignato, Oklahoma City, OK, for Defendant/Appellee, Mark Williams d/b/a Cherry Tree Service.

Michael C. Stewart, Chubbuck, Smith, Rhodes, Stewart & Elder, P.L.L.C., Oklahoma City, OK, for Plaintiff/Appellee, Federated Rural Electric Insurance Corp.

James L. Gibbs, II, Collins, Zorn, Wagner & Gibbs, Oklahoma City, OK, for Defendant/Appellant, Colony Ins. Co.

## SUPPLEMENTAL OPINION ON REHEARING

Opinion by CAROL M. HANSEN, Presiding Judge:

¶1 Rehearing was granted this same day by order to address the correctness of the trial court's award of attorney fees and costs to Appellee, Federated Rural Electric Insurance Co. (Federated), and the denial of prejudgment interest and to determine whether Federated is entitled to appellate attorney fees.

¶2 On January 4, 2002, the trial court awarded attorney fees in the amount of $18,567.00 and costs in the amount of $798.88 against Appellant, Colony Insurance Co. (Colony). The trial court denied Federated prejudgment interest.

¶3 Federated argues the trial court abused its discretion in "prorating" its award of attorney fees attributed to its claims against Colony on the basis it only recovered 50% of the total recovery sought in the indemnification case.[1] In its Motion for Attorney Fees, Interest, and Costs Against Defendant Colony Insurance Company, Federated

---

1. In the underlying case (the *Wells* case), Federated as the insurer of Peoples' Electric Cooperative (PEC) settled with the plaintiffs, Mr. and Mrs. Wells, for $150,000.00. After Colony refused to defend and indemnify PEC for any claims made against PEC, Federated, as subro- gee to PEC's rights, filed a lawsuit against Colony and others seeking indemnification. The trial court found the settlement of $150,000.00 was in good faith and ordered Colony to pay one-half ($75,000.00) of the settlement. The Court of Appeals affirmed.

contends that, pursuant to 36 O.S.2001 § 3629(B), attorney fees, costs, and interest shall be allowable to the prevailing party.[2]

¶ 4 Federated made a demand on Colony to pay that portion of the settlement covered under its insurance policy. Colony denied coverage, and made no offer of settlement within 90 days receipt of the demand. Federated submits the attorney fees incurred in enforcing the insurance coverage provided by the Colony insurance policy total $37,134.00. Attached to Federated's motion are the affidavits of its counsel, Mr. Dobbs and Mr. Stewart, setting forth the time and labor required in the matter. These affidavits detail the number of hours of work and the rate charged for the legal services. However, the affidavits also state, "There is still a pending claim in this lawsuit, and the judgment against Colony Insurance Company is still subject to appeal, therefore, in accordance with *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659, the time and labor required to date in this matter can be verified by detailed contemporaneous time records which are available for *in camera* review so as to protect and preserve attorney client privileges."

¶ 5 Colony argues Federated's counsel has not submitted an itemized statement for services rendered. In *Burk, supra,* the Supreme Court specified that "... attorneys in this state should be required to present to the trial court detailed time records showing the work performed and offer evidence as to the reasonable value for the services performed for different types of legal work...." Because detailed time records were not a part of the record on appeal, this Court cannot say the trial court abused its discretion in awarding Federated $18,567.00 in attorney fees.

¶ 6 Federated also contends the trial court abused its discretion in "prorating" its award of costs against Colony on the basis Federated only recovered 50% of the total recovery sought in the indemnification case. It argues that pursuant to § 3629(B) and 12 O.S.2001 § 928, it is entitled to recover its costs. It is undisputed Federated has incurred costs in the amount of $1,597.75 in this action which are directly related to the claims against Colony. Colony cites this Court to no authority which would indicate an award of costs must be reduced by one-half of such costs incurred because the prevailing party was awarded one-half of the recovery sought in the lawsuit. The trial court abused its discretion in awarding only $798.88 in costs.

¶ 7 Next Federated submits that pursuant to § 3629(B), Colony is liable for interest in the amount of 15% per year from the date the loss was payable until the date of the trial court's judgment against Colony. However, Colony argues that to be entitled to prejudgment interest, the trial court must be able to determine the date from which the defendant's liability for prejudgment interest begins.

¶ 8 The purpose of prejudgment interest is to make the plaintiff whole by repayment of interest for loss of the use of the money to which the plaintiff was entitled. *See Woolard v. JLG Industries, Inc.,* 210 F.3d 1158, (10th Cir.2000). Pursuant to § 3629(B), prejudgment interest begins from the date the loss was payable. In *Taylor v. State Farm Fire and Casualty Co.,* 1999 OK 44, 981 P.2d 1253, an insurance bad faith case, the Supreme Court held that if a "demand's value is unascertainable until its quantum is judicially settled, no prejudgment interest is the victor's due. But if the value of the demand is fairly ascertainable before its settlement by judgment, prejudg-

2. Section 3629(B) provides:

B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

ment interest will accrue." Although Colony argues the loss was not ascertainable until judgment, when the trial court determined Federated should be awarded $75,000.00, Federated's demand of $150,000.00 was ascertainable at mediation, on December 6, 1996, before judgment, even though the amount awarded at judgment was a setoff of the ascertainable amount demanded.

¶ 9 Federated calculates that 15% interest on the $75,000.00 award from the December 6, 1996, mediation until the August 6, 2001, judgment is $59,208.91 ($770.55 for 1996; $11,250 per year for 1997, 1998, 1999, 2000, and $6,719.18 for 2001 until the August 6, 2001 judgment). Colony does not dispute these calculations, only that Federated is not entitled to prejudgment interest in the first instance. The trial court abused its discretion in denying Federated prejudgment interest in the amount of $59,208.91.

¶ 10 Federated's request for appellate attorney fees is granted and remanded to the trial court for a *Burk* hearing.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

ADAMS, J., and MITCHELL, J., concur.