Dear Representative Reynolds:
This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Does 8 O.S. 2001, § 6[8-6] mandate that a burial lot containing space for more than one deceased individual is forever inalienable in its entirety when an interment is made in less than the entire lot?
 THE CEMETERY CORPORATION ACT
The Cemetery Corporation Act ("Act"), 8 O.S. 2001, §§ 1[8-1] — 37, governs cemetery corporations. The Act provides for the sale, maintenance and administration of land reserved for burial of the dead. Your question relates to 8 O.S. 2001, § 6[8-6], which states:
 Whenever an interment is made in any lot transferred to individual owners by the corporation, the same thereby, while any person is buried therein, becomes forever inalienable, and descends in regular line of succession to the heirs at law of the owner, but any one or more of such heirs may release to any other of said heirs his or their interests in the same, and any other joint owners may release to each other in like manner.
Id. Pursuant to Section 6 a cemetery lot becomes inalienable[1] when two conditions occur. First, the lot must be transferred to an individual owner by the corporation. Second, the remains of a person must be buried in the lot. Whenever a lot has been transferred to an individual owner and a body is buried within that lot, the lot is forever inalienable.
The situation your question addresses is as follows: assume an individual purchases a group of four grave spaces in a cemetery for the purpose of burying members of his or her family. The individual and spouse die and are buried in two of the spaces. Ownership of the spaces descends to the individual's heirs and joint heirs. However, the heirs no longer wish to be buried in the remaining spaces. The heirs wish to sell the two empty spaces to third parties unrelated to the family. Does 8 O.S. 2001, § 6[8-6] prohibit the heirs from selling the spaces to unrelated third parties?
To answer your question it is necessary to determine whether the word "lot" in Section 6 refers to only a single grave space or whether it can refer to multiple grave spaces. If the word "lot" refers to a group of grave spaces, then Section 6 prohibits the heirs in the scenario above from selling the unused spaces. All spaces in the lot purchased by the original owner would be inalienable.
The Act does not define "lot." However, a reading of the entire Act supports a definition of "lot" as including a group of grave spaces. The Act provides that cemeteries shall be surveyed into lots, avenues and walks and shall be platted. 8 O.S. 2001, § 4[8-4]. Each lot must be numbered. Id. Title 8 O.S. 2001, § 10[8-10] distinguishes between "lots" and "graves." Section 10 relates to the payment of a cemetery corporation's debt and provides that "[a]t least fifty percent (50%) of the gross proceeds of sales of blocks, lots or graves must be applied as often as every six (6) months to the payment of the debts and obligations of such corporation as long as such debts and obligations exist." Id. (emphasis added). As a result, a reading of the entire Act leads to the conclusion that a lot can be a group of grave spaces and does not refer merely to a single grave.
Our reading of Section 6 is furthered informed by Article XXVI of the Oklahoma Municipal Code ("Code"). See 11 O.S. 2001, § 26-104 [11-26-104]. The Code addresses the preservation of cemeteries as places of burial. Section 26-104 provides:
 Any burial lot in any cemetery owned by a municipality, or by an association incorporated for cemetery purposes under the laws of Oklahoma, may be conveyed or devised by the owner back to and held by such company, municipality, or association in perpetual trust for the purpose of its preservation as a place of burial. The lot so conveyed shall thereafter remain forever inalienable by act of the parties, but the right to use the same as a place of burial of the dead of the family of the owner and his descendants from generation to generation shall remain, unless the deed of conveyance in trust shall provide that interments in such lot shall be confined to the bodies of specified persons, in which case the lot shall be forever preserved as the burial place of the persons specified in the deed and shall never be used for any other purpose whatever. However, no conveyance in trust shall be made without the consent of the cemetery company or association in whose cemetery the burial lot is located, or of the governing body or board of cemetery trustees of the municipality.
Id. (emphasis added).
Both 8 O.S. 2001, § 6[8-6] and 11 O.S. 2001, § 26-104[11-26-104] specifically apply to "lots" within a cemetery corporation. "Different statutes on the same subject are generally to be viewed as in parimateria and must be construed as a harmonious whole." Taylorv. State Farm Fire Cas. Co., 981 P.2d 1253,1261 (Okla. 1999) (footnote omitted). "All legislative enactments in pari materia
are to be interpreted together as forming a single body of law that will fit into a coherent symmetry of legislation." Id. (footnote omitted). The Legislature contemplated that a burial lot may be large enough for more than one burial because in Section 26-104 the Legislature used the plural words "interments" and "bodies" in the context of a singular burial "lot."
Although 11 O.S. 2001, § 26-104[11-26-104] applies to burial lots held in trust, it underscores the Legislature's intent that a cemetery lot be used only for the burial of the owner's family or for such other persons as specified by the owner. The heirs of the owner may not alienate the land for other purposes. Id.
Reading 8 O.S. 2001, § 6[8-6] in light of the entire Act and in conjunction with 11 O.S. 2001 § 26-104 [11-26-104] shows that the word "lot" refers to a group of grave spaces. Moreover, the Act requires the cemetery corporation to have the cemetery surveyed and divided into lots. 8 O.S. 2001, § 4[8-4]. As a result, the inalienability conveyed by Section 6 applies to all grave spaces within a parcel of land which has previously been platted as a lot and not just to the portion containing human remains.[2]
Therefore, the heirs in the hypothetical scenario above would be prohibited from selling the unused grave spaces to unrelated third parties if the group of grave spaces purchased by the original owner comprised a numbered and platted lot.
It is, therefore, the official Opinion of the Attorney Generalthat:
 Pursuant to 8 O.S. 2001, § 6[8-6], when an individual purchases a particular parcel of land from a cemetery corporation, and that particular parcel has been surveyed and platted into a lot, that entire lot, no matter how many individual burial spaces it may contain, shall become forever inalienable when an interment is made in that lot.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRANT E. MOAK ASSISTANT ATTORNEY GENERAL
[1] Property is inalienable when its ownership cannot be transferred.
[2] The reasoning for this policy traces back at least to 1880 when the Supreme Court of New York, while discussing a statute similar to 8 O.S. 2001, ? 6, stated that a plot of ground in a cemetery dedicated exclusively as a sanctuary for the dead of one's family and already consecrated by the ashes of one's kindred should be preserved for that purpose. Thompson v. Hickey, 8 Abb. N. Cas. 159, 166 (N.Y.Sup.Ct. 1880) (holding that a family burial lot in which an interment has been made cannot be mortgaged).