**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

QUAIL CREEK PETROLEUM
MANAGEMENT CORPORATION, a
corporation,

      Plaintiff-Counter-
      Defendant-Appellee,

v.

XL SPECIALTY INSURANCE
COMPANY, a corporation,

      Defendant-Counter-
      Claimant-Appellant.

No. 03-6339
(D.C. No. 02-CV-1532-L)
(W.D. Okla.)

QUAIL CREEK PETROLEUM
MANAGEMENT CORPORATION, a
corporation,

      Plaintiff-Counter-
      Defendant-Appellant/Cross-
      Appellee,

v.

XL SPECIALTY INSURANCE
COMPANY, a corporation,

      Defendant-Counter-
      Claimant-Appellee/Cross-
      Appellant.

Nos. 04-6126 & 04-6138
(D.C. No. 02-CV-1532-L)
(W.D. Okla.)

## ORDER AND JUDGMENT [*]

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

In these consolidated appeals, XL Specialty Insurance Company appeals from the district court's award of breach-of-contract damages against it on summary judgment and from the court's award of attorney fees to plaintiff Quail Creek Petroleum Management Corporation as the prevailing party. Quail Creek cross-appeals from the district court's award of attorney fees and prejudgment interest, asserting that the court erred in determining the amount of its awards. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. Standards of review

We review de novo the district court's grant of summary judgment on the breach-of-contract claim, including the court's interpretation of the insurance policy at issue. *Old Republic Ins. Co. v. Durango Air Serv.*, 283 F.3d 1222, 1225 (10th Cir. 2002). "We review a district court's decision on whether to award attorney fees for abuse of discretion, but we review de novo the district court's application of the legal principles underlying that decision." *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000). A district court abuses its discretion when it "fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

# II. Undisputed facts and proceedings

The relevant facts are as follows. XL insured Quail Creek's airplane. The insurance policy stated that XL would "pay for *any* physical damage to *or loss* of" the airplane. Aplt. App. at 67 (emphasis added). "Physical damage" is defined as "direct and accidental physical loss of or damage to the aircraft . . . but does not include loss of use or any residual depreciation in value, if any, after repairs have been made." *Id.* at 71. The policy contains an exclusion for "loss or damage which is due and confined to wear and tear . . . unless any such loss or damage is the direct result of other physical damage covered by this policy." *Id.* at 69.

-3-

[Quail Creek's] airplane incurred physical damage within the meaning of the insurance contract when it was struck by lightning.

. . .

After the lightning strike, the aircraft's engines were repaired. In compliance with manufacturer and Federal Aviation Administration specifications, a number of engine parts were replaced even though they had not reached the end of their useful life.

Aplt. Br., Att. A at 2-3 (district court's order granting summary judgment). Quail Creek's supervisory mechanic testified that certain undamaged components that still had usable life "could not be [put back] in the engines due to the engine manufacturer's specifications for engine overhaul after lightning strike." Aplt. App. at 122. Quail Creek's expert witness testified that it was "only because of the [lightning strike] and only because of the regulations and rebuild manual and the FAA regulations and the insurance policy requirement of airworthiness that these parts had to be replaced." *Id.* at 111. Thus, Quail Creek established that it suffered a loss of usable airplane parts due to the lightning strike. Nevertheless, XL paid for only part of the engine repairs, refusing to pay for those engine components that it contended were replaced, not because of the lightning strike, but because of wear and tear. Quail Creek sued for breach of contract and for bad-faith failure to pay the claim.

The district court held that the "loss for wear and tear items is a direct result of the lightning strike. The components would not have been replaced but for the lightning strike and the consequent repair of the engines." Aplt. Br. Att. A

-4-

at 4. XL does not disagree with these findings. The court granted summary judgment on the breach-of-contract claim and required XL to pay the full repair bill. But the court granted summary judgment to Quail Creek in favor of XL on the bad-faith claim. Quail Creek does not appeal from that ruling.

### III. Appeal No. 03-6339: breach-of-contract claim

XL challenges the district court's legal conclusion that XL breached its insurance contract, contending that the district court erroneously interpreted the "wear and tear" exclusion. We disagree. XL misapprehends the cause of the "loss" in this case. Engine parts that may have still have been usable *but for* the lightning strike were not replaced "due and confined to wear and tear," as the exclusion clause provides; they were replaced because of an accident that caused the loss of all the affected engine parts, whether they still were hypothetically usable or not. The district court properly concluded that, due to the lightning strike, the engines could not be properly restored to airworthiness under the applicable regulations without complete part replacement. Therefore, the wear-and-tear exclusion did not apply, and the general provisions requiring XL to pay for *any* loss of Quail Creek's airplane due to an accident controlled. The cases XL cites are inapposite.

## IV.  Attorney fees

The district court awarded attorney fees and prejudgment interest under

Okla. Stat. tit. 36, § 3629(B), and after considering the standards enunciated in

*State ex rel. Burk v. City of Okla. City*, 598 P.2d 659, 661 (Okla. 1979).  Aplt.

Br., Att. C at 2 (district court's order of March 15, 2004).  Section 3629(B)

provides,

> Upon a judgment rendered to either party, costs and attorney fees
> shall be allowable to the prevailing party.  For purposes of this
> section, the prevailing party is the insurer in those cases where
> judgment does not exceed written offer of settlement.  In all other
> judgments the insured shall be the prevailing party.  If the insured is
> the prevailing party, the court in rendering judgment shall add
> interest on the verdict at the rate of fifteen percent (15%) per year
> from the date the loss was payable pursuant to the provisions of the
> contract to the date of the verdict.

Okla. Stat. tit. 36, § 3629(B).

### A.  Appeal No. 04-6138

**1.**  XL argues that the district court erred in awarding attorney fees,

asserting that "Quail Creek is not the 'Prevailing Party'," Aplt. Br. at 21, while

not challenging the district court's conclusion that Quail Creek "was the

prevailing party as to one cause of action (breach of contract)," *id.* at 22.  Without

citing any on-point authority for its claim, XL argues that, because Quail Creek

did not prevail on *both* of its causes of action, there was no "prevailing party" for

purposes of awarding attorney fees.  We disagree.

-6-

When a judgment for an insured exceeds the insurer's written offer of settlement, section 3629(B) clearly provides that the insured is the "prevailing party." Quail Creek was the prevailing party in its breach-of-contract action under the definition provided in the statute. The district court did not err in concluding that Quail Creek had a statutory right to attorney fees.

**2.** XL next contends that the district court's fee determination was "arbitrary" because "[t]he only evidence submitted by Quail Creek in support of its Motion for Attorney Fees consisted of an affidavit summarily stating 194.4 hours were spent in prosecuting this action." Aplt. Br. at 25, 26. Contrary to counsel's contention, the record clearly demonstrates that Quail Creek submitted a second affidavit containing a detailed attorney time record, which the district court considered in determining its attorney-fees award. *See* Aplt. App. at 252-59; Aplt. Br. Att. C at 3-4. XL's contention that Quail Creek could not satisfy its burden to present evidence supporting its motion for attorney fees by attaching the second affidavit to its reply brief is without merit. XL cites a Seventh Circuit case in which the court held that, if new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond. Here, the motion for attorney fees was not a motion for summary judgment, and XL does not claim that the district court did not give it an opportunity to respond, nor does it suggest

that the amount of attorney fees requested in the second affidavit was unreasonable. We conclude that the district court did not err in considering Quail Creek's second affidavit in support of its motion for attorney fees.

**B. Appeal No. 04-6126**

We turn to Quail Creek's cross-appeal regarding attorney fees, in which it maintains that the district court abused its discretion in failing to award all of its requested fees.

**1.** Quail Creek contends that it met all the *Burk* factors for reasonableness [1], arguing that (1) the time and activities were contemporaneously recorded, (2) the questions involved were novel and difficult, (3) XL always took an opposing position on the interpretation of the insurance contract, (4) Quail Creek prevailed on the maximum judgment available on the contract claim, and

---

[1] *Burk* involved application of the equitable fund doctrine, which is employed to compensate attorneys for achieving a benefit for members of a class who did not participate in the litigation. 598 P.2d at 660. The hourly rate times the number of hours spent provides the "lodestar" of the fee determination, and the court may increase fees in proportion to the unlikelihood of success as a "bonus." *Id.* at 661-62. The *Burk* court adopted a set of factors for courts to consider in all cases in determining the reasonableness of attorney fees. *Id.* at 661, 663. These factors include: time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal service properly; the preclusion of other employment caused by accepting the case; the customary fee; whether the fee is fixed or contingent; time limitations; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the 'undesirability' of the case; the nature and length of the professional relationship; and awards in similar cases. *Id.* at 661-62.

(5) Quail Creek's counsel had thirty-two years of federal-court litigation experience and (6) his hourly rate was his customary fee for federal litigation. Counsel estimated that he spent only 5% of his time in pursuing the bad-faith claim.

The district court stated that it could not "determine from counsel's time records the amount of time that was expended on the bad faith claim," but it rejected counsel's estimate. Aplt. Br. Att. C at 3. The district court noted that the United States Supreme Court in *Hensley v. Eckerhart* stated that "the most critical factor" in determining attorney fees under 42 U.S.C. § 1988 is "the degree of success obtained." *Id.* Stating that it had examined the fee request in light of the standards enunciated in *Burk*, the court found "that a 33 percent reduction of the fee request is warranted to account for plaintiff's failure to prevail on all issues." *Id.*

Quail Creek argues that the court abused its discretion by arbitrarily reducing its request for attorney fees by 33% to account for time expended on Quail Creek's unsuccessful bad-faith claim. We find merit in this contention. First, we note that Quail Creek does not seek fees under § 1988 but rather under a state statute that does not require a plaintiff to prevail on all issues. Further, even if § 1988 cases did apply, *Hensley* held that "attorney's fees could not be awarded for claims *unrelated* to those on which the party ultimately prevailed."

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 720 (1987) (emphasis added). And *Burk* instructed trial judges to "set forth with specificity the facts, and computation to support his award." 598 P.2d at 663.

As the prevailing party, Quail Creek was statutorily entitled to attorney fees for *all* of the time reasonably spent on the breach-of-contract claim. *Cf. Del. Valley Citizens' Council*, 483 U.S. at 726 ("the fee-shifting statutes guarantee reasonable payment for the time and effort expended if the case is won"). Thus, instead of speculating about a percentage of time that may have been spent on the bad-faith claim, the court should have examined the time sheets to determine if the amounts requested were reasonably related to the contract claim and should have specifically noted which expenditures were unrelated to that claim. We note that a bad-faith action is inextricably intertwined with a breach-of-contract claim; indeed, the breach must be established as an essential element of the bad-faith claim. *See Christian v. Am. Home Assur. Co.*, 577 P.2d 899, 905 (Okla. 1977) (noting that, to prevail on a bad-faith claim the insured must establish not only that the insurer failed to timely pay a valid claim under the insurance contract, but that it did so "unreasonably and in bad faith").

In *Taylor v. State Farm Fire & Casualty Co.*, the Oklahoma Supreme Court noted that a party seeking recovery "for an insured loss *has but a single cause of action*, although its claim may be advanced concurrently on *ex contractu* and *ex*

*delicto* theories." 981 P.2d 1253, 1257-58 (Okla. 1999). It held that recovery of attorney fees under section 3629(B) "embraces both contract and tort-related theories of liability so long as the 'core element' of the damages *sought* and *awarded* is composed of the insured loss." *Id.* at 1256. In *Taylor*, the plaintiffs prevailed on their bad-faith claim and the district court awarded $126,000 in costs and fees on a showing of $39,000 in actual contract damages even though the plaintiffs did not prevail on their breach-of-contract claim because it was time-barred. *See id.* at 1256-57. Thus, under *Taylor*, we conclude that only if a time expenditure was necessary solely to establish the reasonableness of XL's behavior in refusing to pay the claim may it be disallowed, and that a district court has the discretion to award attorney fees for all discovery conducted to determine the reasonableness and good faith of an insurer who breaches its insurance contract. We cannot ascertain from the district court's decision which expenditures were not allowed or why; therefore, the case must be remanded for the appropriate specific findings required by *Burk*.

**2.** Quail Creek next contends that the district court also abused its discretion in disallowing fees for time spent preparing motions that were ultimately not filed and by reducing its hours spent on a second attorney-fee request. We conclude that the disallowance and reduction of those fees does not exceed "the bounds of permissible choice in the circumstances." *McEwen v. City*

*of Norman,* 926 F.2d 1539, 1554 (10th Cir. 1991). We thus affirm the court's reductions.

**3.** Finally, Quail Creek maintains that the district court erred in totally disallowing reimbursement for travel time. The district court stated that "[i]t is not reasonable to charge defendant for travel time," Aplt. Br., Att. C at 3 (citing *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983), *overruled in part on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)). Quail Creek contends that the district court erroneously applied *Ramos*, and should have instead applied Oklahoma case law affirming an award of travel time. It argues that the travel time was necessitated for depositions and by XL's refusal to furnish its entire claims file.

We conclude that the district court erred in disallowing travel expenses under *Ramos*. *Ramos*, too, involved an award of attorney fees under § 1988, and not under the state statute at issue. Further, in *Ramos* we stated that

> [i]tems that are normally itemized and billed in addition to the
> hourly rate should be included in fee allowances in civil rights cases
> if reasonable in amount. However, because there is no need to
> employ counsel from outside the area in most cases, we do not think
> travel expenses for such counsel between their offices and the city in
> which the litigation is conducted should be reimbursed. Departure
> from this rule should be made in unusual cases only. Thus, the
> district court properly disallowed travel costs to and from Denver for
> counsel based in Washington, D.C. The district court properly
> allowed reimbursement for the expense of travel between Denver and
> the Canon City prison, given its finding that such costs would
> normally be billed to a private client.

713 F.2d at 559. Later, in *Brown v. Gray,* 227 F.3d 1278 (10th Cir. 2000), we noted that

> [t]here are two separate sources of authority courts use to award out-of-pocket expenses to a prevailing party. Some expenses, such as travel, may be included in the concept of attorney's fees as 'incidental and necessary expenses incurred in furnishing effective and competent representation.' 122 Cong. Rec. H12160 (daily ed. Oct. 1, 1976) (statement of Rep. Drinan). These expenses are thus authorized by section 1988.

*Id.* at 1297. The travel expenses claimed by Quail Creek were not associated with travel from the attorney's office to the city where litigation was to be conducted; they were associated with conducting depositions in cities where the defendant's representatives were located. By imposing a blanket disallowance for travel fees, the district court's "refusal to award these expenses cannot be viewed as an exercise of its discretion, but rather as the result of a legal error." *Id.* Thus, remand is appropriate for a determination whether the travel expenses at issue should be awarded as a necessary component of discovery on the breach-of-contract claim under state law. *See Okla. Tpk. Auth. v. Little*, 860 P.2d 226, 228 (Okla. 1993) (affirming district court's award of reasonable attorney-travel expenses under *Burk*).

## V. Prejudgment interest

In Appeal No. 04-6126, Quail Creek also appeals from the amount of the award of prejudgment interest, maintaining that the court erred in computing interest from the date XL was obliged under the insurance contract to pay its claim instead of the date Quail Creek suffered the loss. Quail Creek contends that the contract provision requiring XL "to pay for . . . loss of the aircraft" implies that XL was obliged to pay from the date of loss. Aplee. Br. at 17. We conclude that this issue is controlled by section 3629(B). Section 3629(B) provides that prejudgment interest is payable "from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict." Under the insurance contract, "[p]ayment for loss may not be required . . . until . . . sixty (60) days after proof of loss is filed." Aplt. App. at 73 ¶ 11. The district court properly determined the amount of prejudgment interest.

## VI. Conclusion

We affirm the district court's judgment awarding breach-of-contract damages in Appeal No. 03-6339 and its judgment awarding prejudgment interest in Appeal No. 04-6126. We affirm the district court's ruling that attorney fees should be awarded in Appeal No. 04-6138. In Appeal No. 04-6126, we reverse and remand solely for a redetermination of the amount of attorney fees that should

-14-

be awarded consistent with this order and judgment.

Entered for the Court


Mary Beck Briscoe
Circuit Judge